## WATSON v. DOSS.

No. 20218. Opinion Filed Sept. 8, 1931.

Welty & Lafon, for plaintiff in error.

T. R. Wise and M. L. Minton, for defendant in error.

CULLISON, J. This action was commenced in the district court of Beckham county, Okla., by H. T. Doss, defendant in error, plaintiff below, against W. T. Watson, plaintiff in error, defendant below, for the recovery of damages in the sum of $6,000 for slander.

The pleadings reveal that plaintiff commenced this action by filing his petition October 12, 1927, wherein he alleges that he has been damaged in his reputation and business by the defendant by reason of certain false and slanderous statements, spoken of and concerning him by the defendant, to wit. that, on or about the 1st day of October, 1927, the defendant said of and concerning the plaintiff, to and in the presence of J. E. Hutto, T. C. Masterson, and John Hoard, that plaintiff had sold lumber to the Farmer's Union Co-Operative Gin Company, at Texola, Okla.; and that said plaintiff and one Jabe Darnell had padded in the amount of about $1,100 the lumber and material bills so sold by the said plaintiff to the said gin company; that Jabe Darnell is and was at the time of said statements, and at the time the plaintiff sold the lumber and other material for the erection of said gin, the general manager of the said gin company, and that plaintiff was secretary-treasurer of said company, and is a retail lumber and hardware merchant at Texola; that by said statements the defendant did say and imputed to plaintiff fraud and collusion with said Jabe Darnell to defraud the said gin company in the sum of $1,100, which statements were false and untrue and known to the defendant at the time to be false and untrue and were made with malice toward plaintiff, for the purpose and intent to injure him in his reputation and business; that plaintiff has been damaged in his reputation and business the sum of $3,000. And for his second cause of action the plaintiff makes all the statements contained in the foregoing cause of action part of the allegations contained herein, and says that the defendant made a similar statement of and concerning plaintiff to one J. T. Reynolds and B. T. Addis about October 7th (1927), which statements were untrue and known at the time to be untrue and made with the purpose and intent of injuring the reputation and character of the plaintiff, and that by reason of said statement this plaintiff has been damaged in his business and reputation in the sum of $3,000. Wherefore, he prays judgment for the sum of $6,000 and costs.

Defendant, for answer, filed a general denial, and further pleaded that the statements he made were true.

The case was tried to a jury, and the jury returned a verdict for the plaintiff, in the amount of $100.

The record discloses that a trial was had to a jury, and at the close of plaintiff's evidence, defendant demurred thereto, alleging that the evidence of plaintiff fails to establish proof of any point alleged in plaintiff's petition showing in any way actual, constructive, or exemplary damages in favor of plaintiff and against defendant,—which demurrer was overruled by the court.

Thereupon defendant introduced his evidence and rested, and plaintiff introduced further evidence and rested, whereupon the case was submitted to the jury. At the close of the case defendant did not renew his demurrer to the evidence, nor request an instructed verdict.

Plaintiff in error interposes seven assignments of error, but in his brief devotes most of the argument to the third assignment of error, which reads as follows:

"Said court erred in not sustaining the demurrer of the defendant to the evidence of plaintiff."

As disclosed by the record in the instant case, defendant cannot now insist upon the overruling of his demurrer to plaintiff's evidence as error

This court, in the case of Local Bldg. & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P.(2d) 156, speaking through Justice Swindall, said:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer, but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff."

Also, in the case of Abraham v. Gelwick, 123 Okla. 248, 253 Pac. 84, fourth paragraph of the syllabus:

"Where the defendant demurs to the evidence in chief of the plaintiff and defendant afterwards introduces evidence, and thereafter plaintiff introduces further evidence, and in rebuttal, and the defendant fails to renew his demurrer to all the evidence, or request an instructed verdict, and permits the issues joined to be submitted to the jury upon all the evidence without objection and exception, the verdict on review in this court is conclusive so far as such evidence is concerned, except as to excessive damages, appearing to have been given under the influence of passion or prejudice."

These cases are conclusive of the matter in question, and hold that since defendant did not stand upon his demurrer, or did not renew it after all the evidence was in, or move for a directed verdict, there is no question of error to be presented, but the same was waived.

In concluding his brief, defendant states that the court erred in giving instruction No. 6, but the record discloses that defendant saved no exceptions to the instructions given by the trial judge. Exception must be taken in order to save the question for review by this court.

Section 542, C. O. S. 1921, reads as follows:

"Exceptions to Instructions.—A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, 'Refused and excepted to,' or, 'Given and excepted to,' which shall be signed by the judge."

Since defendant did not save proper exceptions to the instructions as given, in accordance with the section just cited, he cannot now raise the same on appeal.

In accordance with the authorities cited, we conclude that no reversible error was committed by the trial court.

The judgment is affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating.

Note.—See under (2) 14 R. C. L. 808; R. C. L. Perm. Supp. p. 3677; R. C. L. Pocket Part, title "Instructions," § 67.