# INDIAN TERRITORY ILLUMINATING OIL CO. v. DUNIVANT.

No. 26403.   Feb. 15, 1938.

Rehearing Denied May 17, 1938.

Application for Leave to File Second Petition for Rehearing Denied June 14, 1938.

Miley, Hoffman, Williams, France & Johnson, for plaintiff in error.

Hodge & Hodge, for defendant in error.

RILEY, J.   Herein, plaintiff below, defendant in error, recovered a judgment for overflow and damage to the house, gardens, and well, occasioned by the breaking of a wall belonging to defendant below, plaintiff in error. The wall was built and maintained by the plaintiff in error to re'ain oil and base sediment produced by a drilling oil well upon the leased premises. This oil. etc., escaped and damaged plaintiff's real estate as aforesaid.

Defendant seeks reversal of the judgment because of instructions under the statute. This statute makes liable such a producer who suffers oil, etc., to flow over the lands of another.   Section 11580, O. S. 1931, 52 Okla. Ann St. sec. 296.

Under the ordinary oil and gas lease the lessee in developing the premises in the production of oil and gas is entitled to the possession and use of all that part of the surface of the leased premises which is reasonably necessary in producing and saving the oil and gas. This extends to necessary space to store or confine such refuse matter as may necessarily accumulate in the course of prudent operations. It would contemplate space for objects such as tanks in which to store and confine salt water, waste oil, base sediment, and other refuse matter.

But where the lessee makes his selection of the place where such works are to be constructed and erects ponds. tanks, or other receptacles in which to confine such refuse matter, he must keep it confined therein, burn it, or transport it from the premises.   This because of positive statute.   If he permits it to escape and flow over the surface of other parts of the land, he is liable for the damages resulting therefrom, unless he can affirmatively show necessity therefor.

Defendant predicates error on the theory that negligence must be shown by such plaintiff   This theory is repudiated in Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 P 464.   It is not sustained in the Pease Case. Tidal Oil Co. v. Pease, 153 Okla. 137, 5 P.2d 389. The case of Marland Oil Co. v. Hubbard, 168 Okla. 518 34 P.2d 270. in part sustains the plaintiff in error, but in Pure Oil Co. v. Chisholm that decision was overruled.   It is our view that the producer is liable for resulting damages to the freehold by his suffering oil to escape and flow over such land, unless the producer affirmatively establishes that in good faith the resulting damage was a necessary incident to the disposal of the refuse and oil. and unless the producer absolves himself from the application of the statute by a plea and proof of necessity as to damage to leased premises as heretofore considered. Pure Oil Co. v. Chisholm, 181 Okla. 618, 75 P.2d 464.

Judgment affirmed.

OSBORN. C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN. HURST, and DAVISON, concur. GIBSON, J., dissents.