## SOUTHERN KANSAS GREYHOUND LINES, Inc., v. HICKS.

No. 28611.    March 14, 1939.

Rehearing Denied April 11, 1939.

B. A. Lewis, for plaintiff in error.

Lloyd C. Colter and J. Robert Ray, for defendant in error.

CORN, J. This appeal is by plaintiff in error, defendant below, from a judgment rendered in the district court of Washington county in favor of defendant in error, plaintiff below, for damages for personal injuries. We shall hereafter refer to the parties as they appeared in the trial court.

Plaintiff filed his petition alleging that: Defendant was engaged in operating motorbuses as a common carrier; on April 20, 1936, he took passage on one of defendant's buses at Kansas City, Mo., bound for Bartlesville, Okla.; while on the bus the driver raised the window next to a seat and, unknown to plaintiff, said employee carelessly and negligently failed to secure said window; as a result thereof, as the bus rounded a curve while plaintiff occupied said seat, the window fell and caught plaintiff's hand, thereby permanently injuring the second finger, all as the direct result of the window being carelessly and negligently raised by defendant's employee, and of the window being left in a dangerous and unsafe condition by said employee.

Plaintiff further alleged defendant's duty to exercise the highest degree of care for the protection of its passengers; failure to discharge this duty by using a vehicle with the windows in an unsafe condition, and the further negligence of defendant's employee in leaving said window in an unsafe condition. The petition also alleged plaintiff suffered a permanent injury and asked judgment for $2,950.

Defendant's answer denied plaintiff received any injury in the manner alleged, or as the result of the carelessness or negligence of defendant or its employees; specifically denied the bus or equipment thereon was in a dangerous or unsafe condition, and that plaintiff was injured by reason of defendant's negligence in operation of the bus or by reason of furnishing equipment in an unsafe condition. Defendant further alleged contributory negligence on part of plaintiff.

Defendant's demurrer to plaintiff's evidence was overruled, as was defendant's motion for the court to instruct the jury to return a verdict for defendant. After receiving instructions the jury returned a verdict for plaintiff for $2,000. The trial court found the verdict excessive and ordered a remittitur of $800. Thereafter, plaintiff agreed to the remittitur, motion for new trial was overruled and judgment was rendered for plaintiff for $1,200.

Six assignments of error are presented, the argument thereunder being submitted under three propositions. The first of these is the contention the plaintiff's evidence and all inferences and conclusions to be logically drawn therefrom did not prove any act of negligence alleged. Also, that the evidence is insufficient to support the verdict and the court erred in submitting the case to the jury and rendering judgment against defendant on verdict of the jury.

Plaintiff based his case upon two alleged

acts of negligence: (1) Raising of the window by defendant's employee; (2) defendant's violation of the duty owed to passengers in furnishing a vehicle with a window improperly secured and in an unsafe condition. It is defendant's contention there was no evidence to show defendant's employee raised the window, or to prove the vehicle was in an unsafe condition.

Plaintiff testified defendant's employee raised the window in question and invited plaintiff to sit by it. This testimony was not denied. However, for defendant, evidence was given to show the employee who raised the window did so for his own benefit, and after he moved, plaintiff seated himself in this seat next to the window where the injury occurred.

Defendant introduced further testimony to show nothing had ever occurred to show anything defective or irregular about the window of the bus in question; and that subsequent examination of the window in question showed it to be in good condition and incapable of falling when raised.

The evidence was conflicting as to whether plaintiff was injured as alleged, and as to the possibility of the plaintiff receiving the injury complained of in the manner alleged, defendant having introduced testimony tending to show he was injured in some other manner. It is settled in this jurisdiction that negligence is a question for the jury, where there is reasonable doubt as to the facts, or inferences to be drawn therefrom. Wright v. Clark, 177 Okla. 628, 61 P.2d 192; Marland Refg. Co. v. Duffy, 94 Okla. 16, 220 P. 846, 35 A. L. R. 52.

The question whether, under all the facts and circumstances, there existed any negligence out of which plaintiff's injury arose was a question to be submitted to the jury, and there was, therefore, no error in submitting the matter to the jury for their determination.

Under its second proposition, defendant urges that the mere proof plaintiff received an injury by having his finger caught under a falling window, when it appeared plaintiff handled the windows himself, there being no proof of defective condition of the latch or apparatus, or that the vehicle was improperly handled, does not raise a prima facie presumption of negligence under the doctrine of res ipsa loquitur.

The argument is made that from the evidence it appeared the windows were handled by plaintiff and the other passengers for their own benefit, and there being no proof of defective equipment, there can be no prima facie presumption of negligence by application of the res ipsa loquitur doctrine.

We do not deem it necessary to prolong this opinion by passing upon the question of the applicability of the doctrine in the case at bar, for the reason the plaintiff did not depend upon such application, relying instead upon the specific acts of negligence charged. In fact, plaintiff disclaims any reliance upon the doctrine, but relies upon the showing that the window was raised under the supervision and control of defendant's employee, experienced in handling of same, and that the injury thereafter occurred by the failure of the window catches to function properly.

In 42 C. J. sec. 1004, p. 1206, it is said:

"The doctrine of res ipsa loquitur does not apply where there is no want of evidence as to the cause of the accident and the manner in which it occurred, where the proof leaves room for a different presumption or inference, or where it is shown the accident might have happened as the result of one of several causes. * * *"

See, also, Johnson v. Ostrom (Cal. App.) 16 P.2d 794.

Defendant's third ground for reversal is the contention the showing that defendant's employee, who was riding as a passenger, raised the window by the seat where he was sitting, and thereafter moved and plaintiff subsequently occupied the seat and while there was injured by the window falling upon his finger, is not sufficient to impose liability upon defendant, for the negligence, if any, was the negligence of the employee in raising and not properly securing the window, without further showing the employee was on duty and engaged in the business of his master.

Defendant contends there was no evidence to indicate this employee, an extra driver riding on the bus, raised the window while on duty or while performing any service for his employer. Hence, defendant contends, the master is not liable for acts of the employee when not acting within the scope of his employment, urging, in this connection, that there is no evidence the relationship of this extra driver was other than a mere passenger, upon his own time.

Plaintiff testified a uniformed operator who assisted with passengers and baggage, raised the window in question and invited him to sit by it, stating "maybe this one

will stay up." Although it was not denied that this operator raised the window, defendant contended this driver was only a passenger and raised the window for his own benefit. It should be noted the plaintiff's testimony that he was invited to take this particular seat, next to the window which fell, was not denied by any testimony offered by defendant.

While the defendant urges the evidence failed to show this employee was acting in behalf of the defendant, the record reveals the following, from the testimony of the defendant's employee who was driving the bus:

"Q. Did you stop? A. No, sir. Q. Why didn't you? A. I sent the other operator back. Q. You sent him back? A. Yes. Q. Why did you send him back? A. I was in a hurry and didn't want to stop. Q. He was on duty, wasn't he? A. More or less customary when there is an extra operator, he helps out. Q. Sort of a co-pilot? A. Yes. Q. He helped store the luggage away? A. He helped a few times. Q. You didn't make any objection? A. No; never. Q. You accepted his services? A. Yes, sir. Q. I believe you stated that was customary. What did you tell this operator when you sent him back? A. I told him to see what was wrong."

The defendant has cited and quoted at length from numerous cases from other jurisdictions, all denying liability in instances where the window causing injury was raised by an unknown party. The theory underlying these holdings is that a carrier should not be held responsible for the acts of a stranger, or someone over whom it has no control.

However, the applicability of the cited cases is destroyed in view of the testimony brought out at the trial. The reason for the rule having failed, it follows that the rule contended for by defendant can have no application here.

The evidence regarding the capacity in which the employee, Crawley, acted was conflicting. The jury weighed this evidence, and resolved the controversy in favor of plaintiff. The conflicting theories were submitted to the jury, and their finding thereon was supported by competent evidence, and this court will not, in such cases, disturb the verdict and judgment where there is competent evidence reasonably tending to support same. Fike v. Peters, 175 Okla. 334, 52 P.2d 700; In re Morrison, 176 Okla. 55, 54 P.2d 198; Y & Y Operating Co. v. Pugh, 179 Okla.

198, 65 P.2d 186; and Thomas v. Mathis, 181 Okla. 1, 72 P.2d 484.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and DAVISON and DANNER, JJ., concur.