DAVON OIL Co. v. STEELE et al.

*98 P. 2d 618.*

No. 28885. Jan. 23, 1940.

Edwards & Robinson, of Oklahoma City, for plaintiff in error.

Fred M. Hammer and Major J. Parmenter, both of Oklahoma City, for defendants in error.

OSBORN, J. This action was instituted in the court of common pleas of Oklahoma county by Murry M. Steele and Mary B. Steele, hereinafter referred to as plaintiffs, against the Davon Oil Company, successors to the Harrell-Davis Oil Company, hereinafter referred to as defendant, wherein plaintiffs sought to recover certain damages alleged to have been sustained to their real property by the drilling of a well for oil and gas by the defendant. Issues were joined and the cause was tried to a jury resulting in a verdict in favor of the plaintiffs in the sum of $720. From a judgment thereon defendant has appealed.

Among other assignments of error, defendant complains of the instructions. It is contended that the instructions given made the defendant liable in the absence of negligence and placed too high a duty in the degree of care imposed upon the defendant; that the court did not give an instruction upon a theory of defense pleaded and proved by the defendant; that the issues were erroneously defined in the instructions and departed from the pleadings and proof. In order to determine the sufficiency of the instructions it will be necessary to examine the issues of fact made by the pleadings and proof.

Plaintiffs were the owners of a five-acre tract of land located at 55th and South Shields boulevard in Oklahoma City. Defendant was the owner of an oil and gas lease on said property. In February, 1935, defendant moved its drilling equipment upon the property and proceeded to drill a dry hole. The evidence is undisputed that no oil or salt water was produced from said well. In June, 1935, the drilling was abandoned and the equipment was removed from the premises. On February 17, 1937, this action was instituted. The various elements of damage alleged by plaintiffs are stated in separate causes of action. In the plaintiffs' first cause of action it is alleged that defendant destroyed a fence and iron gate; filled up and blocked a drainage ditch which had been previously constructed upon the premises and was necessary to drain water therefrom, and as a result thereof on May 20, 1935, plaintiffs' garden was flooded and destroyed. The damages claimed in the first cause of action were in the sum of $107. In the second cause of action plaintiffs alleged the use of water from their water well by defendant and further alleged damage to the pump which was used to draw water from said well. Damages were alleged in said cause of action in the sum of $55. In their third cause of action plaintiffs alleged that after the abandonment of the premises by defendant it had failed and refused to fill in the slush pits or to remove the concrete foundation upon which the derrick rested or to clear the grounds of the rubbish and debris naturally resulting from the drilling of a well; that a reasonable expense for clearing up the ground was the sum of $200; that the oil and salt water and other waste products had saturated approximately one acre of the premises which had depreci-

ated the market value of said land in the sum of $300. In connection with this allegation we direct attention to the fact that no oil or salt water was produced by the well drilled by the defendant on plaintiffs' premises. Plaintiffs sought damages under the third cause of action in the sum of $500. For a fourth cause of action plaintiffs alleged that they had constructed a fish pond upon the premises and on or about October 2, 1935, a large quantity of crude oil escaped from one of defendant's tanks near the plaintiffs' property and flowed into the drainage ditch hereinabove referred to and into plaintiffs' fish pond, saturating the soil thereof and as a result 2,800 fish which were subsequently placed in the pond were killed. The damage claimed under this cause of action was $200. In this connection it will be noted that plaintiffs did not rely upon a violation of section 11580, O. S. 1931, 52 Okla. Stat. Ann. § 296, which prohibits the escape of salt water and oil upon the land or premises, but relied upon the fact that the drainage was stopped by defendant which resulted in the spread of the oil over the premises. It was plaintiffs' position that if said drainage had remained open, the oil would have been carried through the premises and would not have spread over plaintiffs' property with resulting damage thereto. It appears that the oil came from a storage tank owned by defendant which was situated to the northwest of plaintiffs' property. For a fifth cause of action plaintiffs allege that defendant ruined a private driveway from Shields boulevard to the house of plaintiffs located on the premises, and had neglected to repair the same, resulting in damage in the sum of $150. The total amount of damages claimed was the sum of $1,075.

The principal instructions given to the jury are as follows:

"No. 10.

"Gentlemen of the jury, it is the duty of the defendant to use ordinary care and foresight in the construction of and the maintenance of any equipment on the plaintiffs' property to use ordinary care and foresight, and especially to in any way prevent obstructing or interfering with the natural flow of water accumulating from ordinary rainfall or floods, and if the breach of that duty is the proximate cause of an injury to these plaintiffs' property, then your verdict should be for the plaintiffs.

"No. 11.

"Gentlemen of the jury, it is the duty of those who explore for oil and gas, to use every effort under the law and every means in their exploration for oil and gas, to see that no waste oil, salt water or other refuse run over the land, or permit any such refuse from such drilling oil well to accumulate on the land, or to permit while drilling such well salt water to go into or be turned into any stream or on the land so that the same will be a detriment to the property.

"No. 12.

"You are instructed that an oil and gas lessee is entitled to go upon the leased premises and drill thereon a well for oil and/or gas, and in so doing may select any reasonable location for said well and may use any right of way which may be reasonably necessary in the transporting of equipment on to said property for the purpose of drilling said oil and gas well."

Defendant contends that it was entitled to an instruction defining its right to a reasonable use of the premises in the drilling of its well. In the case of Magnolia Petroleum Co. v. Howard, 182 Okla. 101, 77 2d 18, it was held:

"Under an ordinary oil and gas lease, the lessee, in developing the premises in the production of oil and gas, is entitled to the possession and use of all that part of the leased premises reasonably necessary in producing and saving the oil and gas, including space to construct tanks and ponds, in which to confine salt water and other waste matter coming from the wells. * * *"

To the same effect see the cases of Pure Oil Co. v. Chisholm, 181 Okla. 618, 75 P. 2d 464; Indian Territory Ill. Oil Co. v. Dunivant, 183 Okla. 233, 80 P. 2d 225.

In the case of Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 P. 464, L. R. A. 1917C, 1190, it was said:

"While an oil and gas lease carries within its implications, if not within its expression, such rights as to the surface as may necessarily incident to performance of the objects of the contract, yet it is well settled that the implications go no further, and that the holder of a mining or oil and gas lease must protect the surface of the ground insofar as such incident necessity does not exist. Gulf Pipe Line Co. et al v. Pawnee-Tulsa Petroleum Co., 34 Okla. 775, 127 P. 252, 41 L. R. A. (N. S.) 1108; 27 Cyc. 784."

In the case of Miller v. Price, 168 Okla. 452, 33 P. 2d 624, it is pointed out that instructions in all cases should run to the facts and to all proper deductions and interpretations of them and not to questions not presented or covered by the evidence. An examination of the above-quoted instructions discloses a failure to comply with the established rule. Instruction No. 11 appears to be predicated upon the provisions of section 11580, O. S. 1931, 52 Okla. Stat. Ann. § 296, relating to the escape of oil and salt water upon the land and premises. As heretofore pointed out, it is claimed that the damages to plaintiffs' property were caused by stopping up the drainage ditch; that except for the fact that the drainage ditch was stopped no damage could have resulted from the escape of the oil from defendant's storage tank, therefore instruction No. 11 submitted an issue which was not involved in this case.

Instruction No. 10 relates to the obstruction of natural flow of water upon the premises, and instruction No. 12 relates to the right of defendant to select a location for the well and the right to the use of any right of way which may be necessary in transporting equipment on the property for the purpose of drilling the well. Other elements of damage upon which recovery was had are as follows: the use of plaintiffs' water well and damage to the pump; the failure to remove the concrete foundation upon which the derrick rested and to clear the grounds of the rubbish and debris resulting from the drilling of the well; the damage to plaintiffs' driveway and fail-

ure to repair the same; and the destruction of plaintiffs' fence and gate. We do not determine whether or not these claims are proper bases for causes of action, for the jury was not instructed to determine whether or not such uses of the premises were necessarily incident to the drilling of the oil and gas well.

In defining the issues made by the pleadings the court pointed out that defendant alleged that it operated such property for the exploration for oil and gas as it was necessary for it so to do in order to explore for oil and gas, and denied that it operated such property in any other manner than was necessary for the exploration for oil and gas, but the court failed to instruct the jury that such allegations, if proved, constituted a valid defense.

The extent to which use of the surface by a mineral owner was reasonably necessary is a question of fact for the jury. Grell v. Lumsden (Iowa) 220 N. W. 123. Each party was entitled to have his theory submitted to the jury by proper instructions if there was any evidence to sustain it. Home State Life Ins. Co. v. Turner, 183 Okla. 575, 83 P. 2d 832. It appears that the instructions are fatally defective in that no affirmative instruction was submitted outlining the defense, that there was only such use of the premises as was reasonably necessary for the drilling of the well.

As heretofore stated, the verdict of the jury was general. In the event of a retrial of this case, we are here pointing out that where a cause consisting of two or more separate causes of action is tried to a jury, separate forms of a verdict for the separate causes of action should be submitted to the jury, and separate verdicts should be returned. St. Louis & S. F. Ry. Co. v. Farmers Union Gin Co., 34 Okla. 270, 125 P. 894. Although the right may be waived, it is undoubtedly the better practice to require the jury to return separate verdicts where two or more separate causes of action are involved.

Various other propositions of law are

presented and argued in the briefs, but having taken this view of the matter, we find it unnecessary to consider them.

The judgment of the trial court is reversed and the cause remanded, with directions to grant a new trial.

WELCH, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.