HULL v. OKLAHOMA CITY BASEBALL CO. et al.

No. 31694. June 12, 1945.

Rehearing Denied Sept. 18, 1945.

Application for Leave to File Second Petition for Rehearing Denied Oct. 9, 1945.

*163 P. 2d 982.*

B. H. Carey, of Oklahoma City, for plaintiff in error.

Duke Duvall and Dudley, Duvall & Dudley, all of Oklahoma City, for defendants in error.

RILEY, J. This is an action for damages for personal injuries sustained by plaintiff, Luella Hull, on August 14, 1941, when as a patron, seated in an unscreened portion of the grandstand in the baseball park owned and operated by defendants, she was struck by a foul ball and injured.

The issue of law presented on appeal is whether it was negligent for defendants to fail to screen that portion of the grandstand from where plaintiff witnessed the ball game. The protective screen provided extended from behind home plate to 135 feet on each side thereof and within a distance of 35 feet from where plaintiff sat. Defendants also screened several box seats, some of which were in front of the part of the grandstand occupied by plaintiff. However, the screens protecting the box seats did not extend high enough and were not intended to protect occupants of such seats as used by plaintiff.

The plaintiff contends that it was the duty of defendants to exercise a high degree of care to protect such persons as the plaintiff who paid admission to the entertainment, and that the rule of strict accountability recognized by this court is applicable to the case at bar. Tulsa Entertainment Co. v. Greenlees, 85 Okla. 113, 205 P. 179; Standard Theatres Corporation v. Hughes, 185 Okla. 377, 91 P. 2d 1058. Plaintiff also relies upon the rule that where the evidence is such that reasonable men may fairly differ as to whether the facts constitute negligence, the question is one for the jury to decide. Carter v. Pinkerton, 194 Okla. 34, 146 P. 2d 842.

Defendants, relying upon cases cited in 142 A.L.R. 868, and distinguishing cases of injury resulting from defective conditions of grandstand structures or protective screens, contend that the only duty that devolved upon defendants was to afford protected seats to those of the patrons who desired them and that defendants performed this duty by screening a reasonable number of seats.

The defendants' theory was sustained by the trial court. A demurrer to the evidence was sustained and the cause dismissed.

The plaintiff stresses evidence of admission against interest on the part of Humphries, business manager of the baseball club, who, according to the evidence, told plaintiff that he knew someone was liable to be hurt by foul balls. Such admissions are ordinarily admissible as to the existence of any fact which they have a tendency to establish. 31 C.J.S. 1027. But a mere acknowledgment of fault or liability is insufficient to establish the same if there is no liability for actionable fault present as a matter of law, as where such admission is made in ignorance of declarant's rights and responsibilities. 31 C.J.S. 1186. The issue recurs as to whether, when a person has a choice of a safe place and a less safe place to view a baseball game and chooses the latter, and is injured as a result of exposure to a known danger, the court as a matter of law may determine upon the absence of primary negligence. Michigan Law Review, February, 1943, vol. 41, in comment upon Hudson v. Kansas City Baseball Club, 349 Mo. 1215, 164 S. W. 2d 318, 142 A.L.R. 858, suggests:

"It has never occurred to anyone that legal wrong is done by such an accident . . . even to a spectator who is taking no part in the game. Perhaps, in England, it still 'isn't cricket' to attempt to shift the loss for injuries received while participating in sport, or watching such spectacles; . . ."

The plaintiff in error contends that the defenses of assumption of risk and contributory negligence under art. 23, sec. 6, Constitution of Oklahoma, are in all cases questions of fact to be determined by the jury, and that these defenses cannot become questions of law, and cites Joy v. Pope, 175 Okla. 540, 53 P. 2d 683, and like cases. However, in Oklahoma Pipe Line Co. v. Fallin, 176 Okla. 474, 56 P. 2d 372, it was held:

"Where the evidence is such that reasonable men would not differ in their conclusions therefrom, and those conclusions, coupled with the properly applicable principles of law, indicate liability or the absence thereof, the court should direct the proper verdict."

In the cited case, it was held as a matter of law that recovery could not be had for an injury resulting from a scraper catching upon a root that broke, and it was held that the theory that defendant failed to provide the em-

ployee a safe place to work was not applicable, for it could not be said that the employee was imposed upon by being directed into a place of danger, consequently there was no evidence tending to show primary negligence as a breach of duty on the part of defendant. As in that case, proof of injury is not enough, but the plaintiff must go further and offer proof of some fact from which it may reasonably be inferred that defendants were in some way to blame for the injury. In City of Tulsa v. Harmon, 148 Okla. 117, 299 P. 462, it was held:

"A demurrer to plaintiff's evidence in a personal injury action ought to be sustained, unless it is reasonably apparent that the injury suffered by the plaintiff is the causal effect from some wrongful act of the defendant, in violation of a legal duty owing to the plaintiff."

Generally speaking, the possessor of land is liable to a visitor only if he knows of or should have known of a dangerous condition and realizes that it involves unreasonable risk and has no reason to believe that the plaintiff will discover the condition and fails to warn the visitor so that the latter may avoid the harm. Restatement Torts, sec. 343.

As we view the case, there was no unreasonable risk not appreciated by the plaintiff as a spectator of the baseball game. As a consequence, the trial court was justified in determining upon failure to prove primary negligence.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.