LANDREE et al. v. CITY OF MANGUM.

No. 31998. Dec. 22, 1945.

*164 P. 2d 630.*

Herman S. Davis, of Mangum, for plaintiffs in error.

Hollis Arnett, of Mangum, for defendant in error.

DAVISON, J. This action was commenced in the district court of Greer county, Okla., on April 2, 1943, by the city of Mangum, a municipal corporation, as plaintiff, against Ann Landree and W. S. Richardson, as defendants, for the purpose of condemning a tract of land to be used by plaintiff for cemetery purposes.

The tract of land sought to be condemned contained approximately 1.48 acres, and of this acreage, .56 acres

had thertofore been platted and dedicated for cemetery purposes as Koehle's Cemetery Subdivision. The remaining .902 acres had never been dedicated nor platted for cemetery purposes. The land involved was contiguous to the public cemetery owned and operated by the plaintiff. Several lots in the platted part had already been sold, but this action in condemnation does not include the lots which had theretofore been sold.

During the progress of the proceedings appraisers were duly appointed to appraise said tract, and thereafter, on the 28th day of April, 1943, duly filed their report wherein the compensation and damages allowed defendants for appropriation of the property herein involved was fixed at $1,000.

The defendants, on May 3, 1943, being dissatisfied with such appraisement, duly filed their written demand for a jury trial.

The cause was thereafter tried to a jury, which assessed defendants' damages in the sum of $900, and a judgment for said amount was rendered by the court.

The defendants, Ann Landree, as owner of the tract involved, and W. S. Richardson, as mortgagee thereof, have perfected this appeal. We will continue to refer to the parties by their trial court designation.

The defendants, for reversal, rely on two assignments of error as follows:

"The court erred in refusing to sustain the motion of plaintiffs in error to dismiss said action as to all the land included in what is known as the Keohle's Cemetery Subdivision, which was sought to be condemned in this action.

"Said court erred in refusing special instruction No. 1, tendered by plaintiffs in error and refused by the court."

Under the first assignment of error defendants argue that where a tract of land has already been dedicated for public cemetery purposes, as in this

case, it is not subject to be condemned for the purpose of using it for the identical purpose for which it had already been dedicated. By such argument defendants assume that the platted portion of the cemetery involved herein was for a public use. This argument when analyzed cannot successfully stand. In this case the tract was privately owned by an individual and the right of burial was not vested in the public or in public authorities, or subject to their control, but only in the individual owner. See Claus v. Harden, 185 Okla. 417, 93 P. 2d 531. The question as to whether a municipal corporation can condemn, for cemetery purposes, lands owned and used by a cemetery corporation organized and created under the provisions of title 8, O. S. 1941, is not involved nor presented in this suit.

The authorities cited by defendants holding that, where one corporation having the right of eminent domain is using land for a particular public purpose the lands cannot be condemned by another such corporation for the identical purpose for which it was being used, are not applicable to the facts in the present case.

The plaintiff, being a municipal corporation, had the power to condemn land for cemetery purposes by authority of 27 O. S. 1941 § 5, and the land sought to be condemned being owned by an individual, even though it was being used for cemetery purposes by such individual, was subject to condemnation, as to the unsold portions of said tract, and we so hold.

The evidence showed that the tract sought was to be used by plaintiff as an extension of its already existing public cemetery, and that said tract was needed by plaintiff for such purpose, and that it was adaptable for such needs.

We are also unable to agree that the court erred in refusing to give defendants' special instruction No. 1 to the jury. The offered instruction reads as follows:

"You are instructed that this is an action by the City of Mangum, Oklahoma, to condemn that property described in the petition for use as a cemetery and it is for you to determine the value of this property to the owner thereof and award such sum as shall compensate the owner for the value of the property sought to be condemned and in this connection you are instructed that in determining the value of the property here sought to be condemned and taken over by said city, you are instructed that it is not merely the value of the property for the use to which it has heretofore been employed by the owner that should be considered, but its adaptability to all purposes, present and prospective to which it may be reasonably applied by the condemnee must be considered and taken into account in fixing such value.

"And in this connection you should take into consideration the number of lots that may be set apart for cemetery purposes and the amount that said lots will sell for to those desiring to purchase cemetery lots, and you are instructed in this connection that under the laws of the State of Oklahoma, the owner of real estate may dedicate and devote his real estate for use as a cemetery and operate and conduct said business the same as a corporation or association."

The applicable law embodied in the above requested instruction was fully and correctly covered by the general instructions given by the court. The court's instruction No. 7, when considered in connection with the other instructions given, was sufficient to admonish the jury of the law pertaining to defendants' recovery in said cause. Instruction No. 7 reads as follows:

"You are instructed that in determining the market value of real property taken by power of eminent domain, it is not merely the value of the property for the use to which it has been employed by the owner that should be considered, but its adaptability to all purposes, present and prospective, to which it may reasonably be applied by the condemnee must be considered and taken into account in fixing such value."

In connection with instruction No. 7, it is pertinent to note the testimony of the witnesses. Defendant Richardson testified that the unsold portion of said tract in question had a value of $100 per lot or a total value of $6,500. On cross-examination, however, he admitted that this value did not allow for the expense of improving nor perpetually maintaining said property as provided by statute.

A number of real estate men testifying for plaintiff placed the market value of said involved tract at between $400 and $500. Each of plaintiff's witnesses said that they estimated the value of the property after considering the amount of money which a purchaser, willing but not obliged to buy the property, would pay to an owner, willing but not obliged to sell, taking into consideration all the uses to which the land is adapted and might be reasonably applied.

In view of the foregoing, we hold that the court did not err in refusing to give defendants' instruction No. 1. Where a court instructs the jury clearly, fairly, fully, and correctly upon the issue of a case, it is not error to refuse to give a requested instruction covering the same issue. Dandois v. Raines, 115 Okla. 88, 241 P. 1099.

Judgment affirmed.

GIBSON, C. J., HURST, V. C. J., and OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.