CITY OF DRUMRIGHT v. MOORE.

No. 32289.   June 25, 1946.

*170 P. 2d 230.*

Chas. E. Webster, of Drumright, and Wallace & Collins, of Sapulpa, for plaintiff in error.

Glenn O. Young, of Sapulpa, for defendant in error.

OSBORN, J. Plaintiff, Moore, sued the defendant city for damages for personal injuries. The trial court overruled defendant's demurrer to the evidence and motion for directed verdict and submitted the case to a jury, which returned a verdict for plaintiff. Defendant appeals.

The sole contention made by the defendant in this court is that the evidence is not sufficient to sustain the verdict for plaintiff.

The evidence is undisputed. Plaintiff was employed by the city as a street sweeper and was required to report for work at the city fire station, in which were also housed some of the city offices.

There were two entrances to the building, and the entrance used by the plaintiff on the particular occasion of his injury was through double doors at the front of the station. These double doors were located on the ground floor of the station, and were used for the passage of the fire trucks housed in the station, and for other vehicles entering the station. These doors, when closed, rested against a wooden stop some two inches wide and one inch high, which projected above the concrete floor in the center of the doorway just inside the property line of the building. From the evidence it appears that these doors were commonly used by a great many people having business with the city offices housed in the building.

Plaintiff testified that he had used the entrance to the fire station some 20 or more times, but that he had never observed the stop in the doorway and was not aware of its existence prior to his injury; that on the day he was injured he was required to report to work at the fire station at 1:30 in the

morning, at which time one of the city trucks was supposed to pick up him and his fellow workers and transport them to the place where they were to work; that they waited at the office of the chief of police in the rear of the building, and that while walking to the front of the building, apparently to see if the truck had arrived, he turned around to see what time it was (evidently to look at a clock which hung in the back of the fire station); that just as he turned around someone yelled: "Look out back there, Ben, here comes a car"; that he made a quick move to the right and caught the sole of his shoe on the doorstop and fell.

Defendant's evidence shows that the fire station was well lighted; that the doorstop had been used for nearly 25 years, and that no one had ever been injured by tripping and falling over it prior to the injury sustained by plaintiff.

The city contends that the evidence above stated is wholly insufficient to show any negligence on its part; that the injury sustained by plaintiff was due entirely to his own carelessness, and that the defect in its building, if the wooden doorstop could be called a defect, was so slight that no careful or prudent person would have reasonably anticipated any danger from it. The city cites numerous cases, such as Hale v. City of Cushing, 191 Okla. 137, 127 P. 2d 818; City of Bristow v. Pinkley, 158 Okla. 104, 12 P. 2d 229, and Smith v. City of Tulsa, 172 Okla. 515, 45 P. 2d 689, holding that where a defect in a sidewalk is so slight that no prudent person would reasonably anticipate any danger from its existence, the city is not liable for an injury sustained by reason thereof. The city also relies upon City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, which holds that an invitee assumes all normal or ordinary risks when he goes upon the premises of another; that the owner or occupant of said premises is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, and that the occupant or owner is not liable to an invitee for any injury resulting from danger which is obvious, or which should have been observed by the invitee in the exercise of ordinary care.

Plaintiff calls attention to City of Tulsa v. Lewis, 189 Okla. 470, 117 P. 2d 784, and other cases relating to defects in sidewalks or public ways, and holding that the particular defect under consideration was not, as a matter of law, a trivial defect, but that whether it was or was not a question for the jury. He urges that because of its location the doorstop was not a "trivial defect", and that the danger therefrom was obvious.

We think the "trivial defect rule," which obtains in cases involving defects in sidewalks and public ways, does not apply in the instant case. Here the doorstop was a part of the construction on the premises, open and visible, with none of the characteristics of a hidden danger. The rule announced in City of Tulsa v. Harman, supra, applies here.

In 45 C.J., p. 826, sec. 237, the duty of an owner to an invitee is stated as follows:

"The owner, occupant, or person in charge of premises owes to invitees thereon the duty of keeping the premises in a reasonably safe and suitable condition, so that those whom he has invited to enter upon or use his property shall not be unnecessarily or unreasonably exposed to danger, and is therefore liable for injuries received by invitees as a result of a dangerous condition of the premises. As, however, the owner or occupant is not an insurer of the safety of invitees, he is not required, at his peril, to keep the premises absolutely safe, but the measure of his duty in this respect is reasonable or ordinary care, and is determining whether such care has been exercised it is proper to consider the uses and purposes for which the property in question is primarily intended."

In 45 C.J., p. 837, sec. 244, it is said:

" . . . The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct

or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care."

Substantially the same rule as to nonliability for injuries arising from dangers that are obvious is announced in 20 R.C.L., p. 56, sec. 52, and 38 Am. Jur., p. 757, sec. 97.

In Long Construction Co. v. Fournier, 190 Okla. 361, 123 P. 2d 689, we approved the rule of nonliability announced in Restatement of the Law of Torts, vol. 2, sec. 343, and held that a possessor of real estate was liable to an invitee injured on the premises "if, but only if, he has no reason to believe that the person injured will discover the condition or realize the risk involved."

The evidence in the instant case, and especially the photographs admitted in evidence, clearly show that the doorstop was an integral part of the building and not a defect therein, and that it was obvious and visible to any person passing through the doorway. It should have been observed by the plaintiff in the exercise of ordinary or reasonable care. The undisputed testimony is that it had existed as a part of the building for some 25 years, during which time a large number of people had passed through the doorway without sustaining any injury because of its location. This is strong, if not conclusive, evidence that its maintenance in the doorway by the city was not negligence. Halleem v. Gold, 164 N.Y.S. 119; Mullen v. Sensenbrenner Mercantile Co. (Mo.) 260 S.W. 982, 33 A.L.R. 176.

The mere fact that an injury occurs carries with it no presumption of negligence. Lowden v. Van Meter, 181 Okla. 210, 75 P. 2d 424. The evidence of the plaintiff was wholly insufficient to establish negligence on the part of the city, and the city's motion for a directed verdict should have been sustained.

Reversed, with instructions to dismiss.

HURST, V.C.J., and RILEY, BAYLESS, WELCH, and DAVISON, JJ., concur.