CARTER OIL CO. v. JOHNSTON.

No. 34394. April 14, 1953.

Rehearing Denied June 2, 1953.

*257 P. 2d 817.*

Anglin, Stevenson & Huser, Holdenville, and Forrest M. Darrough, Richard P. Ryan, and Walter Davison, Tulsa, and George T. Montgomery, Oklahoma City, for plaintiff in error.

Clem H. Stephenson, Wewoka, and Homer H. Bishop, Seminole, for defendant in error.

JOHNSON, V.C.J. The parties herein occupied reverse relative positions in the trial court and they will be hereinafter designated as they appeared in the trial court.

This is an appeal by defendant from a judgment rendered against it for $1,500 in plaintiff's action for damages for personal injuries allegedly resulting from tripping upon and falling over a pipe line owned by defendant on premises it occupied under an oil and gas lease.

Plaintiff alleged, in substance, that during the year 1946 she had a surface lease on the northwest quarter of section 23, township 10 north, range 6 east, upon which she and her husband kept their milch cows; that the defendant owned and operated an oil and gas lease on said land; that a well defined and constantly used footpath led from her home south and passed on the east side of defendant's tanks; and that the defendant maintained a salt water line from its said tanks that ran across the surface of the ground to the east line of said premises and which line crossed the said footpath at said point passing through grass and vegetation on July 4, 1946, which grass and vegetation were approximately 15 inches in height and concealed the pipe line from view; that the pipe line was approximately the same color as the vegetation and was located about four inches above the surface of the ground and constituted a dangerous and hazardous obstruction which was liable to trip up and cause people using said path to fall.

That on July 4, 1946, plaintiff hurried down said path to keep their stock from being injured or poisoned from drinking the salt water from a pool where it had collected as it flowed across the ground; that she did not know the pipe line blocked the path; that in going down the path she was exercising the ordinary care of a reasonably prudent person but caught her toe under said pipe line and was tripped by the same and fell to the ground with great force and sustained serious personal injuries; that such injuries were caused by the negligence of the defendant in constructing and maintaining the pipe line across a well-defined footpath above the surface of the ground so as to constitute a barrier and hazard to people using said path; failure to warn travelers on said path of the existence of the dangerous hidden barrier across said path; and failure of the defendant to bury its pipe line across said footpath. That said negligence was the proximate cause of the plaintiff's injuries herein.

Wherefore, the plaintiff prays judgment against the defendant for the sum of $2,999.

Defendant's answer denied each allegation contained in plaintiff's petition except that it admitted that it was the owner and operator of the leasehold and premises in question. Defendant alleged that if the plaintiff was injured as alleged, the same was the result of her own negligence and want of reasonable care for her own safety and that her acts and conduct contributed to and caused such injuries, if such were sustained.

The defendant further alleged that the alleged footpath in question was not a footpath, but was a part of a road crossing the land and that said road was traveled by automobiles and trucks daily by persons engaged in the operation of said oil and gas lease.

That by reason of such constant use of said road, and the area surrounding it, it was at all times mentioned in plaintiff's petition free of any substantial amount of vegetation with none at all growing in the path. That defendant's salt water line crosses said road at a point south of the plaintiff's house where it is practically barren of vegetation and said line is approximately two-thirds buried and offers no obstruction whatsoever to people using said road; that it has been in place across said road for many years and its existence and location was well known to the plaintiff and was plainly visible and that if the plaintiff did trip and fall and sustain injuries as alleged, that it was by reason of her failure to keep proper lookout; that she could have avoided the same had she exercised the degree of care that an ordinarily prudent person would have exercised under the circumstances. That said accident and injuries, if any were sustained, were not due to or caused by any condition existing as a result of any prior act of the defendant.

The defendant prayed that plaintiff take nothing and that it have its costs expended.

Upon the issues thus formed the cause was tried to a jury. The jury returned a verdict in favor of plaintiff, which verdict was approved by the trial court and judgment rendered thereon. Defendant's motion for a new trial was overruled and the defendant appeals and presents five assignments of error, or contentions.

It is first contended that plaintiff's evidence was insufficient to show that the pipe line on which she tripped and fell was a hidden dangerous and hazardous obstruction to those using the path, and that the court erred in overruling its demurrer to plaintiff's evidence.

In reviewing trial court's action on demurrer, we are constrained to apply the following rules: First, that on demurrer to evidence, that of the party against whom demurrer is sought should be given full credence and considered in the most favorable light, Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785, and second, before a demurrer to evidence can be sustained, the court must be able to say that, admitting every fact favorable to plaintiff and every inference therefrom, still plaintiff has failed to make out a prima facie case, Sartain v. Walker, 60 Okla. 258, 159 P. 1096. In other words, this court, in reviewing a ruling on a demurrer to the evidence, must treat plaintiff's evidence as true. Annear v. Swartz, 46 Okla. 98, 148 P. 706, L.R.A. 1915E, 267, and when so considered, if reasonable minds may differ as to plaintiff's right to recover, an order overruling a demurrer to the evidence will be sustained. Anthony v. Bliss, 39 Okla. 237, 134 P. 1122.

Defendant asserts that the accident occurred at 3 o'clock in the afternoon when there was adequate light to enable any person using ordinary care to have seen the pipe line across the path and avoid tripping over it and injuring themselves.

The substance of the testimony of the plaintiff, Vivian Johnston, germane to this contention, is that she and her husband had purchased an agricultural leasehold from another lessee and had taken charge of the farm about a month before the accident. A small part of the acreage was farmed and the rest was pasture. A path led from the farmhouse to the pasture which was south of the house. This path passed on the east side of oil tanks belonging to the defendant and admittedly located on its oil and gas lease. The defendant had two salt water pipe lines across this path. Plaintiff started down this path to drive the family milch cows away from the salt water and tripped and fell on the pipe line that defendant had raised about 6 inches above the ground at the place where it crossed the path by placing a box under the end of the pipe to keep it full of water to prevent corrosion in the pipe; that she

sustained serious personal bodily injuries from the fall; that she did not know the pipes crossed the path; that the pipes were concealed from her view by grass and rag weeds; that the weeds, grass, ground and pipes were almost the same color and invisible; that this was the first time she had traveled this path; that she did not know the pipe was across the path; that she had seen the pipe since the accident when the box was removed and that the pipe was flush down on the ground.

The evidence of Sherman Johnston, her husband, and Jim Andrews, her father, was substantially the same as plaintiff's as to the condition of the pipes, the invisibility thereof and its dangerous condition.

The defendant, by oral and pictorial evidence, sought to contradict plaintiff's evidence and to show that there was no hidden dangerous condition existing on its premises and to sustain its contention relies upon the law as found in 45 C.J. 837, Negligence, §244 (6); City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462; City of Drumright v. Moore, 197 Okla. 306, 170 P. 2d 230, and Hull v. O. C. Baseball Co., 196 Okla. 40, 163 P. 2d 982. These citations are authority for the rule that in the absence of a hidden dangerous obstruction there is no liability for personal injuries to an invitee, as the danger, if any, is of such nature as must or should have been observed in the exercise of ordinary care. Under the issue of fact herein, upon which the evidence is in conflict, we are concerned about the rule that the owner or occupant of property must exercise reasonable care to protect persons rightfully upon his (its) premises from traps, pitfalls, or hidden danger. 65 C.J.S., Negligence, §83, p. 591.

Whether there was a hidden dangerous condition existing on defendant's premises was a question of fact, upon which the evidence was in conflict, and was, therefore, a question of fact for the jury to decide. Southern Kansas Greyhound Lines, Inc., v. Hicks, 184 Okla. 581, 89 P. 2d 278, and cases cited therein. Likewise, whether there is negligence is always a jury question, if reasonable men may differ as to facts or inferences to be drawn therefrom. Id. Applying these rules to the facts herein, we conclude that the record does not sustain defendant's first contention.

Defendant next contends that plaintiff's evidence was insufficient to show that it was defendant's legal duty to maintain its pipe line across the path in such manner so as to make the same a safe place for plaintiff, a concurrent possessor of the premises, to walk.

The evidence showed that the plaintiff and defendant were in concurrent possession of the premises and that defendant occupied the premises where the accident allegedly occurred by virtue of its oil and gas leases, which were introduced in evidence. The leases contained the usual provisions that the lessee was not required to bury its pipe lines unless requested and admittedly no such request was made.

Defendant showed that it was the usual custom and practice of oil companies in that area not to bury salt water pipe lines running over pasture land, and that the method in which it handled the salt water on these premises was the usual and customary manner used by oil companies in the Seminole area.

To sustain this contention it cites Indian Territory Illuminating Oil Co. v. Dunivant, 183 Okla. 233, 80 P. 2d 225, and Giller v. Hollyfield, 176 Ark. 861, 4 S. W. 2d 526.

These cases define the rights of each concurrent possessor as to the use of the premises for the development or attainment of their separate objectives. We find nothing in them which would constitute a rule of law justifying one concurrent possessor as against another concurrent possessor in erecting and maintaining a hidden dangerous ob-

struction across a pathway or roadway on the premises which such other possessor could rightfully use. We think that defendant in the conduct of its oil field or mining operations should conform to the duties imposed upon it by law, one of which was to exercise reasonable care to protect persons rightfully upon its premises from traps, pitfalls, or hidden dangers. 65 C.J.S. 591, §83, supra; 36 Am. Jur., Mines and Minerals, §176, p. 401. The evidence was sufficient, if believed by the jury, to justify their finding that defendant did erect and maintain the hidden dangerous condition across the pathway.

Defendant's third contention is that the court's instructions to the jury set forth what purported to be the substance of plaintiff's petition and defendant's answer, but which, in fact, consisted mostly of quotations from the pleading; that virtually all of the petition and answer was set forth in the exact language or language very similar to that used by plaintiff and defendant; that there was no substantial difference between this part of the instructions and the pleadings; that defendant objected to this manner of instructing the jury, which objection was overruled with exceptions.

An examination of the outline of the issues involved in the action preceding the numbered general instructions discloses language very similar to the language used by the plaintiff in her petition and the defendant in its answer, but there were no quotes. We think the pleadings were merely summarized by the instructions and the court's instructions on the issues, together with the other instructions given, sufficiently applied the law to the particular issues of fact which the jury was required to decide and, therefore, no prejudice resulted.

The court's action was justified under the rule as stated in Klein v. Muhlhausen, 83 Okla. 21, 200 P. 436. Therein, under a very similar fact situation, as to a summary of the pleadings, it was held that a summary of the pleadings was permissible. In the first paragraph of the syllabus, we said:

"It is the correct practice generally to state the issues of the case as made by the pleadings to the jury; and it is not error to properly summarize in the instructions the allegations contained in the pleadings."

Defendant next contends that the numbered instructions were mere abstract rules of law and did not define the issues in the case; that the instructions were misleading, and that the court erroneously refused to give its requested instructions Nos. 1 and 7, which it contends correctly set forth the rights and duties of an oil and gas lessee; and its requested instructions Nos. 4 and 6, which correctly defined negligence as applied to the defendant.

The only objections of defendant to the instructions were to the statement of the issues, which question we have already negatively concluded, and instructions Nos. 11 and 12. These instructions provided:

"11. You are instructed that the defendant, as the owner and operator of oil wells on said leasehold has the right to lay and maintain pipelines thereon for the purpose of disposing of salt water and other waste products and in doing so it is the duty of such owner and operator to use ordinary care in laying and maintaining said pipelines so as to avoid injuries to others using and occupying said premises; and in this connection, you are instructed that if you find and believe from the evidence that the defendant did use ordinary care in laying and maintaining said pipelines in question and was not guilty of negligence which proximately caused the injuries, if any, alleged by the plaintiff, then and in that event you should find for the defendant and so say by your verdict.

"12. Now, bearing in mind the above and foregoing definitions and instructions and carefully applying them to the evidence in this case, if you find and believe from a fair preponderance of the evidence that the defendant was

negligent in installing and maintaining the pipe lines as alleged in the plaintiffs' petition and that the plaintiff while proceeding down said path tripped and fell over and upon said pipelines sustaining injuries, as alleged in her petition, and that such negligence, if any, on the part of the defendant was the direct and proximate cause of the injuries sustained by the plaintiff, then and in that event, you should find for the plaintiff and fix the amount of her recovery in such amount as in your good judgment will reasonably compensate her for such injuries as you may find that she received, not to exceed, however, the sum of $2,999.00, the amount sued for.

"And, in this connection, you are instructed that you shall take into consideration the nature and extent of her injuries and whether they be temporary or permanent, and the pain and suffering which you may find that she has endured by reason of such injuries and disability, if any, caused by said injuries together with all the other evidence in the case.

"If you do not so find and believe from a fair preponderance of the evidence then it will be your duty to return a verdict for the defendant."

Instructions 11 and 12, when considered in connection with all the other instructions given by the court, fairly stated the issues and the law involved in the cause, and this being so, the court's action in overruling defendant's objections thereto was not error.

The refusal to give defendant's requested instruction was not error. In Landree v. City of Mangum, 196 Okla. 281, 164 P. 2d 630, we said:

"Where a court instructs the jury clearly, fairly, fully and correctly upon the issue of a case, it is not error to refuse to give a requested instruction covering the same issue."

Defendant, however, discusses at length the court's instructions 1 to 10 and 13 to 15, but since no objections or exceptions were made to these instructions, we must, in the absence of fundamental error, apply the rule that either party to a suit must save proper exceptions to each instruction of the court to which he objects, or the objection is waived. Watson v. Doss, 151 Okla. 132, 3 P. 2d 159. Finding no fundamental errors, the judgment is affirmed.

WELCH, CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. HALLEY, C.J., dissents.

HALLEY, C.J. (dissenting). The defendant, as the owner and operator of the oil and gas lease, had the right to use ordinary methods for producing oil from the property. No effort was made to show that methods used were not reasonable and proper. This lease had been producing for more than twelve years at the time of plaintiff's alleged injury. She had been on the premises about a month.

The evidence here wholly fails to show a trap or pitfall and defendant was under no duty to warn of hidden perils. Dunn v. Bomberger, 213 N.C. 172, 195 S. E. 364; 65 C.J.S. Negligence, §38. The existence and maintenance of a pipe line to drain off salt water is normal procedure in the production of oil and gas and warnings of its existence do not have to be given to a licensee.

The exact type of lease that her husband had on the land is not clearly revealed, but it was undoubtedly an oral lease for the surface and was subject to the rights of the defendant under its oil and gas lease.

The plaintiff was nothing more than a licensee in so far as defendant is concerned and she took the premises as she found them when she entered thereon. 65 C.J.S. Negligence, §35.

In the case of Platt v. Bender (La. App.) 178 So. 678, it was held that oil and gas lessees were not liable for the death of a part owner of surface rights sustained in an explosion occurring while such owner was watching the

operation of a potential oil well. Where the part owner of the surface was present as a licensee on the leased premises, such owner took the premises as he found them and the lessees owed him no duty of care other than not to wantonly or intentionally injure him. There was no allegation or proof of wanton or intentional wrong in the case here. The defendant would not be liable to the surface owner under the facts in this case and by the same token it is not liable to the wife of the surface lessee. The demurrer to the evidence should have been sustained. I dissent.