James **LANG**, Appellant,

v.

**AMATEUR SOFTBALL ASSOCIATION OF AMERICA, a corporation, et al.,**
Appellees.

No. 44623.

Supreme Court of Oklahoma.
March 12, 1974.

Berry & Berry, by Howard K. Berry, Oklahoma City, for appellant.

Fenton, Fenton, Smith, Reneau & Moon, by Robert D. Epperson, Oklahoma City, for appellee, Amateur Softball Assoc. of America, a corporation.

Hines, Klaus & Wilsey, by Lester A. Klaus, James C. Leech, Oklahoma City, for appellee, Oklahoma City Softball, Assoc., a business trust.

Roy H. Semtner, Municipal Counselor, by Tom B. McGee, Asst. Municipal Counselor, Oklahoma City, for appellee, City of Oklahoma City, Oklahoma.

HODGES, Justice.

The action of appellant, James Lang (Lang) for damages for personal injuries was terminated at the close of his evidence when the trial court sustained separate demurrers to the evidence which were entered by all appellees. The demurrers were sustained on the grounds that there was no evidence of primary negligence on the part of any of the appellees that had any causal connection with Lang's injury and that he had assumed the risk based on Hull v. Oklahoma City Baseball Co., 196 Okl. 40, 163 P.2d 982 (1945).

Appellant argues that the court should reserve ruling on the demurrers until the

defendants presented their proof based on Towery v. Guffey, 358 P.2d 812 (Okl. 1961). In that case the court waited until after defendants offered proof to grant dismissal. Here, however, all defendants had rested. In the present case, the defendants demurred to plaintiff's evidence at the close thereof. In Towery the court "reluctantly" overruled the defendant's demurrers, whereupon the defendant's attorney announced that defendant did not desire to present any evidence, and both sides rested. Then defendant renewed his demurrer and moved for a directed verdict, and the trial court instructed a verdict for defendant, evidently on the theory that there was insufficient evidence on the part of the plaintiff to show primary negligence or to make a primary case. On appeal to this court the judgment of the trial court was reversed on the theory that plaintiff had made a showing of primary negligence and that the evidence was sufficient to make a prima facie case.

There is nothing in the Towery opinion to support plaintiff's contention that the court should have reserved ruling on the demurrers until the defendants have presented their evidence.

We agree with the ruling of the trial court and find that Hull v. Oklahoma City Baseball Co., supra is dispositive of the appeal.

Lang, a paid patron attended a softball game at Wheeler Park in Oklahoma City, Oklahoma. He chose where he would sit. There were no ushers. The game was one of several games in the Southwest Regional Softball Tournament of the Amateur Softball Association of America. He had attended games in the park before, and acknowledged that he was aware of the risks of foul balls and wild pitches. The testimony of his sister, who accompanied him to the game, was that he had observed the players in the warm-up area when he entered the bleachers. While the game was in progress, Lang was injured by a wild pitch when a ball cleared a ten foot high fence which separated him, as a spectator from the players and their warm-up activities. He was struck on the right side of the head and face and suffered permanent facial injuries.

The record demonstrates the reasonable safety of the premises. A fence ten feet tall separated Lang from the warm-up activities. The injury was one of a highly improbable nature and not reasonably foreseeable. As the brief of Lang states, "Who ever heard of a pitcher warming up, throwing over a ten foot bull pen fence and hitting a customer while the game was in progress?"

Persons familiar with the game of softball or baseball, both as spectators at ball parks and as viewers on television are well aware that a "bull pen" or warm-up area is as integral a part of the game as the players who are performing on the field. There is seldom a ball game completed where there is not activity in the warm-up areas both before and during a ball game, especially when relief pitchers are required to participate. It should also be readily obvious to any person who is familiar with the game that such warm-up areas or bullpens are quite often not screened in any manner from patrons sitting in certain areas of the ball park and it should also be apparent to persons familiar with the game that on occasions a pitcher will lose control and throw a "wild pitch" from the warm-up or the person to whom he is throwing will miss the ball and the same may go in any direction either onto the playing field or into the stands occupied by the paying customers. In the case at bar, the City of Oklahoma City had actually provided a 10-foot fence between the warm-up area and the grandstands. It is undisputed that the plaintiff had a seat below the level of the fence and that any ball which would have struck the plaintiff from the warm-up area would have had to come over the fence and into the grandstand area. There is no contention nor any proof that the fence was defective in any manner nor

**662**

was there any evidence that it was not high enough or not properly placed.

■ The risk of being struck by a batted or thrown ball is one of the natural risks assumed by spectators attending a ball game. Mann v. Nutrilite, Inc., 136 Cal.App.2d 729, 289 P.2d 282, 285 (1955).

Hull v. Oklahoma City Baseball Co., 163 P.2d pp. 982, 984 supra, stands for the premise that:

"The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no legal duty to reconstruct or to alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care.

"Generally speaking, the · possessor of land is liable to a visitor only if he knows or should have known of a dangerous condition and realizes that it involves unreasonable risk and has no reason to believe the plaintiff will discover the condition and fails to warn the visitor so that the latter may avoid the harm."

■■ The court has repeatedly held that the mere fact that injury occurs carries with it no presumption of negligence. City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462, 470 (1931). Proof of the injury is not enough. Plaintiff must go further and offer proof of some fact from which it may be inferred that defendants were in some way to blame for the injury. A demurrer to plaintiff's evidence in personal injury actions should be sustained unless it is reasonably apparent that injuries suffered by plaintiff is the causal effect from some wrongful act of defendant in the violation of a legal duty owing to plaintiff. Hull v. Oklahoma City Baseball Co., 163 P.2d p. 982 supra.

Affirmed.

All Justices concur.