### In re MORRISON.

No. 25309.    Jan. 21, 1936.

Rehearing Denied February 11, 1936.

Robt. W. Hoyland and E. S. Lowther, for plaintiff in error.

C. E. Barnes, County Atty., for defendant in error.

PER CURIAM. On the 28th day of July, 1933, John C. McClure filed in the juvenile court, or in the county court, of Logan county a petition alleging that Betty Jean Morrison was a dependent and neglected child, and thereafter Ruth Ramey, the mother of Betty Jean Morrison, filed an answer in the nature of a general denial, and demanding a jury trial, which was granted. And thereafter a jury returned a verdict finding Betty Jean Morrison a dependent and neglected child. The county judge, acting as the judge of the juvenile court, rendered judgment on the verdict of the jury and delivered the custody of the child to Mr. and Mrs. John McClure, and from this order respondent, Ruth Ramey, appeals to this court.

The motion for new trial and petition in error alleges the usual statutory grounds, and that the court erred in denying counsel for respondent the privilege of cross-examining Betty Jean Morrison, a witness offered by the petitioner, and examined by the court, and the record (p. 104 C. M.) snows the court made this statement:

"Allright, then, Mrs. Beck, you may go back to your seat and I will question Betty myself and not permit her to be cross-examined because of her tender years."

An objection was interposed by counsel for respondent, overruled by the court, and exception allowed, and in support of this allegation of error, the appellant cites the case of Millikan v. Booth, 4 Okla. 713, 46 P. 489, and there are other cases holding that it is error to refuse either party the right to cross-examine a witness. In the third paragraph of the syllabus of that case, on page 713, 4 Okla., it is said:

"And where a party is **improperly** refused the right of cross-examination of a witness, it will be presumed that the rights of the party have been prejudiced thereby."

The record discloses that Betty Jean Morrison was at the time eight years of age, and it was within the discretion of the court to permit or to refuse to allow her to testify at all. In the case of a young child under ten years old it is within the discretion of the trial court to permit the child to testify or refuse to allow the testimony, and the court may limit the extent of it, and it is not reversible error to deny counsel the right to cross-examine a child of tender years, when the testimony is merely cumulative and corroborative.

The defendant in error in the brief submits the proposition that no appeal lies from an order of the county court, sitting as a juvenile court, adjudging a child delinquent, and in effect moves the dismissal of the appeal, and as part of the argument to sustain that contention says the court has a continuing control over the custody of the minor, and for that reason the order is not final, and under this reasoning, no matter how erroneous or arbitrary a decision might be, no appeal would lie from it because the court might at some future time modify the decree. With this reasoning we cannot agree. A proceeding instituted under the juvenile law is civil in its nature, and from a judgment rendered in such a proceeding an appeal lies to the Supreme Court. (Section 15, art. 7, Constitution of Oklahoma.)

The evidence is conflicting. It was heard by the jury and by the court. And when the evidence is conflicting and sufficient to uphold the verdict of the jury, this court will not undertake to determine the weight of the evidence, and the verdict and judgment will not be disturbed on appeal when reasonably supported by the evidence, and issues of fact were fairly submitted to the jury.

Finding no reversible error, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge Ad V. Coppedge, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by this court.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur. WELCH and CORN, JJ., dissent.