STATE OF MONTANA EX REL. PETER OSTOJ, AS FATHER OF JAMES OSTOJ, RELATOR, v. THE HON. JOHN B. McCLERNAN, JUDGE OF THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT IN AND FOR THE COUNTY OF SILVER BOW, RESPONDENT.

No. 9548.
Submitted April 29, 1955. Decided June 3, 1955.
284 Pac. (2d) 252.

David L. Holland, Butte, for relator.

Arnold H. Olsen, Atty. Gen., Emmet T. Walsh, Asst. Atty. Gen., N. A. Rotering, County Atty., J. Frank Sullivan, Chief Deputy County Atty., Thomas F. Joyce, Deputy County Atty., Butte for respondent.

Mr. Joyce and Mr. Holland argued orally.

MR. CHIEF JUSTICE ADAIR:

This is an original proceeding. It involves the right to disqualify a district judge for imputed bias in a juvenile proceeding.

On April 2, 1955, the chief probation officer of Silver Bow County, Montana, filed in the district court of such county a petition representing, *inter alia:* That the boy named and accused in the petition is a delinquent child whose father and mother are unable to care for, protect, train, educate, control or discipline and that it is for the best interests of such child that he be taken from his parents and placed under the care of some suitable person, to be appointed by the court, or committed to some institution or society that has for its object the care of delinquent children.

Upon the filing of such petition the Honorable John B. McClernan, one of the judges of such district court, caused to be issued and served upon such child's parents a citation requiring that they appear before his court on April 5, 1955, together with their said child to show cause why such child should not be declared delinquent.

In answer to such petition and pursuant to the citation the parents of the child appeared in such court before said district judge as commanded and, for and on behalf of themselves and their said child, requested a jury trial under the provisions of R.C.M. 1947, section 10-603. Thereupon said district judge fixed

and set April 18, 1955, at 10:00 o'clock a. m. as the time for such jury trial.

On April 11, 1955, counsel for the child and his parents filed an affidavit of disqualification for imputed bias against the above named district judge in accordance with the provisions of R.C.M. 1947, section 93-901, subdivision 4, but notwithstanding said district judge declined to stand aside or to recognize the disqualification and announced that the affidavit has no bearing on the cause and that he would proceed to hear and try the petition and proceeding.

Thereupon the father of said child, as relator, filed in this court a petition for a writ of prohibition to be directed against the respondent district judge. An alternative writ of prohibition was issued out of this court to which respondent interposed a motion to quash. Upon hearing and oral argument by counsel for both the relator and the respondent this court denied the motion to quash and caused a peremptory writ of prohibition to issue and be served prohibiting the respondent district judge from trying the pending proceeding and directing that he call in another judge to preside in his stead as is provided in R.C.M. 1947, section 93-901, stating that this written opinion would follow.

The question presented was whether an affidavit for imputed bias in the form prescribed in subdivision 4 of section 93-901, R.C.M. 1947, disqualifies the district judge in a juvenile proceeding.

Respondent cited the case of State ex rel. Houston v. District Court, 61 Mont. 558, 202 Pac. 756, which held that an action for the removal of civil officers for the reasons therein stated are criminal in nature and that neither party has the right to file a disqualifying affidavit under section 6315, R.C.M. 1907, as amended by Chapter 114, Laws of 1909 (now R.C.M. 1947, section 93-901).

In the first place the Houston case, supra, is not applicable to the juvenile delinquent statutes here involved. Secondly, the Houston case was in effect overruled by the cases of State ex rel.

King v. District Court, 95 Mont. 400, 26 Pac. (2d) 966, and State ex rel. Odenwald v. District Court, 98 Mont. 1, 38 Pac. (2d) 269.

The juvenile delinquent statutes as amended by the laws of 1943 and 1947, R.C.M. 1947, sections 10-601 to 10-633, clearly show that it was the intention of the legislature that where, as here, the child alleged to be delinquent is under the age of 16 years, he shall not be prosecuted in the criminal courts.

The first paragraph of section 10-601, supra, reads: ''This act shall be liberally construed, to the end that its purpose may be carried out, to-wit: that the care, custody, education, and discipline of the child shall approximate, as nearly as may be, that which should be given the child by its parents, and that, as far as practicable, any delinquent child shall be treated, *not as a criminal*, but as misdirected and misguided, and needing aid, encouragement, help and assistance.'' Emphasis supplied.

Subdivision of section 10-602 reads:

''(2) The words 'delinquent child' include: (a) A child who has violated any ordinance of any city.

'' (b) A *child* who has violated any law of the state, provided, however, a *child over the age of sixteen (16) years* who commits or attempts to commit murder, manslaughter, assault in the first degree, robbery, first or second degree burglary while having in his possession a deadly weapon, and carrying a deadly weapon or weapons with intent to assault, shall not be proceeded against as a juvenile delinquent but shall be prosecuted in the criminal courts in accordance with the provisions of the criminal laws of this state governing the offenses above listed.'' Emphasis supplied.

The last paragraph of section 10-603 reads: ''The district court as distinguished from the juvenile court shall have jurisdiction, as in all other criminal cases, of those offenses listed in subdivision (2) (b) of section 10-602, *where children over the age of sixteen (16) are accused.*'' Emphasis supplied. Also see R.C.M. 1947, sections 10-611 and 10-630.

Here the boy accused was only eleven years old.

In State ex rel. Palagi v. Freeman, 81 Mont. 132, 140, 262

Pac. 168, this court held that under sections 12275 to 12301, R.C.M. 1921, relating to delinquent children proceedings, same were in no sense criminal, notwithstanding that section 12284 there cited provided that: "The provisions of the Penal Code of this state relating to appeals, motions for new trials, allowance and signing of bills of exceptions shall apply to this act, and from the judgment of the court or judge under this act, appeals may be prosecuted as in other criminal cases." Also see State v. Ludwick, 90 Mont. 41, 48, 300 Pac. 560.

The first sentence of R.C.M. 1947, section 10-630, provides: "In the case of a delinquent child an appeal to the supreme court may be taken by the party aggrieved in the manner provided by law or by rule of court for appeal *in civil cases.*" Emphasis supplied. See also 43 C.J.S., Infants, section .6, page 55, and section 99, page 240.

It is quite apparent that the legislative intent was that juvenile matters and proceedings are to be treated as civil and not as criminal proceedings. The courts of other jurisdictions have so held. See Ex parte Guisti, 51 Nev. 105, 269 Pac. 600, 601; Kahm v. People, 83 Colo. 300, 264 Pac. 718; In re Morrison, 176 Okl. 55, 54 Pac. (2d) 198; Garner v. Wood, 188 Ga. 463, 4 S.E. (2d) 137.

The provisions of R.C.M. 1947, section 93-901, apply to all civil ██ actions and special proceedings of a civil nature, State ex rel. Goodman v. District Court, 46 Mont. 492, 495, 128 Pac. 913, and we hold therefore that such provisions apply to juvenile delinquency proceedings under the present Montana statutes governing same. It follows that the respondent district judge is disqualified to sit or act in the pending proceeding other than to arrange the calendar, regulate the order of business, transfer the proceedings to some other court or to call in another district judge to sit and act in such action or proceeding as authorized and directed by subdivision 4 of section 93-901,

R.C.M. 1947. It is so ordered. The peremptory writ of prohibition against respondent rightfully issued.

MR. JUSTICES ANGSTMAN, ANDERSON, DAVIS and BOTTOMLY, concur.