IN THE MATTER OF LARRY ALLAMARAS, Child Under Eighteen Years of Age. STATE OF MONTANA, Plaintiff and Respondent v. LARRY ALLAMARAS, Defendant and Appellant.

No. 10242.

Submitted April 26, 1961. Decided April 26, 1961.

361 P.2d 340.

Patrick L. Donovan, John F. Bayuk, Shelby, for appellant. John F. Bayuk argued orally.

Ronald D. McPhillips, County Atty., Shelby, Forrest H. Anderson, Atty. Gen., Donald A. Douglas, Deputy Atty. Gen., for respondent. Donald A. Douglas argued orally.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order of commitment of a child under the age of eighteen years and from an order denying a new hearing. An application for a writ of habeas corpus was made in Cause No. 10248 while the appeal was being perfected, and this court advanced the hearing so that the entire matter might be considered.

The circumstances giving rise to the order of commitment are as follows: The child is of the age of fifteen, having been born July 20, 1945. His parents are divorced, custody having been granted the mother, who resides in Fargo, North Dakota. The child has been living with his father, James Allamaras in Shelby, Montana. On February 9, 1961, the child was brought before the Juvenile Court, and the matter postponed until March 2, 1961. Just what happened on March 2 does not appear, but on March 27 a petition by the probation officer was filed alleging that on February 24, the child was involved in "another delinquency", reciting that "he is involved with other boys in stealing gas, purchasing beer and drinking." These are the only circumstances recited. On the same day, a citation was issued directed to the father James Allamaras to appear on March 29 at 11:00 a. m. The unsigned return to the citation shows that it was allegedly served by being "placed in the hands of his brother Leo Allamaras living in the family home." An affidavit of James, the father, recites that his brother Leo gave him the citation at about 5:00 p. m. on March 28. He, the father, appeared with the boy, without counsel, after having been informed by the probation officer that an attorney would not be necessary.

At that time there was no record of proceedings except the following, no sworn testimony, nor were any witnesses examined, nor were either the County Attorney or other counsel present. The court minutes recited as follows:

"Minute Entry

"Wednesday, March 29, 1961: 11:15 a. m.

"Present: Judge, Probation Officer, Clerk of Court.

"In the Matter of Larry and James Allamaras,

a child under the age of eighteen years.

"Hearing upon this matter was postponed from March 2, 1961, due to investigation. Mrs. Severson gave her report to the Court in the presence of James Allamaras and the two minors, Larry and James, and advised the Court that Larry would have to be committed to the training school at Miles City. The Court so ordered and advised Larry that with good conduct he would have certain time for school vacation. The father, James Allamaras, requested that he have one more chance with his son, which request was denied by the Court."

The foregoing minute entry is the entire record of the alleged hearing.

On April 4, counsel was employed by the father and immediately moved the court for a new hearing setting forth numerous grounds all going to lack of due process in the failure to follow the statutes in juvenile matters in almost every particular.

The court denied the motion for a new hearing; on the same day a notice of appeal was filed, and the court signed a certificate of probable cause and suspended the execution of the order of commitment.

Subsequently, on April 5 on petition of the probation officer, the court revoked the order suspending commitment.

From the foregoing recitation of the proceedings had before the juvenile court, it can be seen that sections 10-603 through 10-607, R.C.M.1947, have not been complied with.

Section 10-606 provides:

"After a petition shall have been filed and after such further investigation as the court may direct, unless the parties hereinafter named shall voluntarily appear, the court shall issue a citation reciting briefly the substance of the petition, and requiring the person or persons who have the custody or control of the child to appear personally and bring the child before the court at a time and place stated. If the person so cited shall be other than the parent or the guardian of the child, then the parent or guardian, or both, if in the county, shall also be notified of the pendency of the case and of the time and place appointed, by personal service before the hearing except as hereinafter provided. Citation may be issued requiring the appearance of any other person whose presence, in the opinion of the judge, is necessary."

Section 10-607 provides:

"Service of citation shall be made personally by the delivery of copies thereof to the person cited; provided that if the judge is satisfied that it is impracticable to serve personally such citation or the notice provided in the preceding section, he may order service by registered mail to their last known address, or by the publication thereof, or both, as he may direct. It shall be sufficient to confer jurisdiction if service is effected at least twenty-four hours before the time fixed in the citation for the return thereof.

"Service of citation, process or notice required by this act may be made by any suitable person under the direction of the court. * * *"

██ Clearly here, the service of citation was not sufficient to confer jurisdiction. The citation was not properly served. However, the father did appear in response to it. Additionally the statutes clearly contemplate that before such serious proceedings as commitment to the Industrial School should be had that the formalities of proceedings required by due process be granted. This court has recognized these rights in Banschbach Habeas Corpus, 133 Mont. 312, 323 P.2d 1112;

State ex rel. Ostoj v. McClernan, 129 Mont. 160, 284 P.2d 252; In re Bright, 130 Mont. 634, 304 P.2d 620; and State ex rel. Palagi v. Freeman, 81 Mont. 132, 262 P. 168. We recognize that this is not a criminal proceeding, but nonetheless the statutes must be followed.

Here, no sworn testimony, or any proof, no representation by counsel, no proper citation, no hearing (in fact), and other matters which appear are such as to require us to reverse the order of commitment.

For the reasons stated, we consider the order of commitment improvidently entered contrary to both law and the facts. The order of commitment is reversed and the cause remanded to the district court for further proceedings in conformity with this opinion and the statutes. The sheriff of Toole County, Montana, is directed to deliver a copy of this opinion to the Superintendent of the Industrial School at Miles City, Montana, and return the boy to his father.

Let the remittitur issue forthwith.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON concur.