IN THE MATTER OF FRANK GONZALEZ, a Child Under
the Age of Eighteen Years.
STATE OF MONTANA, Plaintiff and Respondent, v.
FRANK GONZALEZ, Defendant and Appellant.
No. 10303.
Submitted November 8, 1961. Decided December 5, 1961.
366 P.2d 718.

Koch & McKenna, Hamilton, Donovan & Bayuk, John F. Bayuk (argued orally), Shelby, for appellant.

Gerald D. Schultz, Hamilton, Forrest H. Anderson, Atty. Gen., Donald Douglas, Deputy Atty. Gen. (argued orally), for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court.

On March 17, 1961, the county attorney of Ravalli County, Montana, filed a petition in the district court charging Frank Gonzalez, a minor child sixteen years of age, with being a delinquent child within the provisions of sections 10-601 to 10-633, incl., R.C.M.1947, and in support of such charge al-

leged that the minor on or about March 10, 1961, committed the crime of illegal possession of beer.

From the minutes of the court it appears that on the same day the minor was present before the court with his parents and also present were the county attorney, sheriff, deputy sheriff, juvenile officer and the clerk of court. At this time a hearing was held and at the conclusion thereof the court determined that the minor was a proper person to be committed to the State Industrial School at Miles City, remanded him to the custody of the sheriff and stayed commitment until a physical examination could be had.

On March 20, following the physical examination, the minor and his parents were again before the court and an order was entered by the court committing the minor to the State Industrial School until he attained the age of twenty-one years, unless he was sooner legally discharged by the proper authorities of that school.

On May 27, the court made and entered an order which recited that the admissions of guilt made by the minor did not appear in the minutes of the court, although they did fully appear in the stenographic notes of hearing made during said hearing by the clerk of the court, and by reason of the court's incomplete records, the minutes were ordered corrected by the clerk by the insertion therein of the sentence:

"Frank Gonzalez voluntarily admitted illegal possession of intoxicants as charged; also two prior acts of illegal possession of intoxicants and also school expulsion."

The order further provided that the clerk should transcribe her stenographic notes of the hearing in full and place the same in the file as a portion thereof. On May 31, 1961, such stenographic transcription was filed.

The record of the proceedings held by the court on March 17, 1961, is not a complete transcript but contains such remarks, questions and answers as the clerk was stenographically able to report. In particular, while it contains the ad-

missions of the minor it does not show that any witnesses were sworn, but it is clear that the boy's mother, the county attorney, the sheriff and deputy sheriff made statements to the court which are not set out in any particularity whatever. For example, this record shows:

"At this point Sheriff John Cain and Deputy Dale Dye came in, (having been called in from their work) and verified the facts as above recorded, and reported on the boy's driving habits."

We also quote the following: "The Court: There will be no decision so far. The hearing will be continued in the meantime, have the medical reports from the physicians ready. Hearing continued until Monday, March 20 at 2:00 o'clock p.m."

On the very next line of this record this appears:

"The Court: It is the order of the court that Frank Gonzalez be committed to the Industrial School at Miles City, Montana. * * *"

Certainly the court did not in one breath state there would be no decision and that the hearing would be continued to a fixed future date and time, and in the next order the minor committed to the State Industrial School.

On June 7, 1961, the parents requested counsel to represent them in this matter, and perfect an appeal to the Supreme Court, and the appearance was filed in the clerk's office on that day. On the same day, a motion for new hearing and for order vacating judgment was filed which set forth some nineteen grounds wherein on behalf of the minor it was alleged that his rights had been violated. One of these grounds was that no witnesses were sworn, and annexed to the motion was an affidavit of the mother of the minor wherein she averred that she was present at the hearing and states positively that no oath was administered to the sheriff or deputy. She further averred that she had contacted the clerk of court who

checked both the minutes and her shorthand notes and stated to her that no oaths had been administered.

Also on June 7, 1961, the minor made a written motion requesting the court to correct and clarify its minutes to show that at the time of the hearing none of the witnesses were administered an oath and sworn. This motion was accompanied by an affidavit of counsel to the effect that the motion was made for the reason that the clerk of the district court informed him without any equivocation that no oath was administered to any of the witnesses that testified.

On June 9, 1961, the district judge made and entered an order disqualifying himself and calling in another judge; such other judge assumed jurisdiction on June 13, 1961. On that day the judge presiding entered an order denying the motion to correct the minutes on the ground that no evidence had been submitted to him as to any error and he had no personal knowledge of the facts. He likewise made and entered an order denying the motion for vacating the judgment and new hearing on the same grounds.

On June 15, 1961, notice of appeal from the judgment of commitment and the order denying the new hearing was filed.

Appellant makes many contentions which he specifies as errors arising in the district court, but in the view we take it will not be necessary to give them all consideration. We have here a situation where the juvenile decided to appeal from the commitment as he had a right to do by virtue of the provisions of section 10-630, R.C.M.1947. Such an appeal is to be made in accordance with the laws and rules of court applying to appeals in civil cases. In a civil case the appellant has the right to have the evidence presented in the district court settled in a bill of exceptions and brought before this court for a review. Section 93-5505, R.C.M.1947.

Section 10-611, R.C.M.1947, provides in part:

"The court may conduct the hearing in an informal

manner and may adjourn the hearing from time to time."
Section 10-605, R.C.M.1947, provides in part:

"Whenever any person informs the court that a child is within the provisions of this act, the court shall make a preliminary inquiry to determine whether the interests of the public or of the child require that further action be taken. Thereupon the court may make such informal adjustment as is practicable without a petition, or may authorize a petition to be filed by any person."

It is our view that these two sections must be read together and the informal manner in which a hearing may be conducted as provided in section 10-611 refers to the preliminary inquiry provided for in section 10-605. When the hearing is upon a petition it should be a formal hearing. Since the statutes provide that the child or parent or guardian or other person having the care, custody or control of such child complained against, or any person interested in such child, shall have the right to demand a trial by jury under sections 10-603 and 10-604, and it is the duty of the county attorney to investigate such matters and to prosecute when requested by the court, as provided in section 10-629, R.C.M.1947, and likewise there exists the right to appeal under section 10-630, it is evident that the procedures provided for civil trials must be adhered to, and there can be no informal trial when the hearing is upon a petition which could result in commitment, as was the case here. Since admittedly no stenographic record was made of the evidence presented in the juvenile court, this cause must be remanded.

In State v. Allamaras, 139 Mont. 130, 361 P.2d 340, 341, we discussed the informality of that juvenile court hearing and after calling attention to the fact that the citation had been improperly served, this court stated:

"* * * Additionally the statutes clearly contemplate that before such serious proceedings as commitment to the Industrial School should be had that the formalities of

proceedings required by due process be granted. This court has recognized these rights in Banschbach Habeas Corpus, 133 Mont. 312, 323 P.2d 1112; State ex rel. Ostoj v. McClernan, 129 Mont. 160, 284 P.2d 252; In re Bright, 130 Mont. 634, 304 P.2d 620; and State ex rel. Palagi v. Freeman, 81 Mont. 132, 262 P. 168. We recognize that this is not a criminal proceeding, but nonetheless the statutes must be followed.

"Here, no sworn testimony, or any proof, no representation by counsel, no proper citation, no hearing (in fact), and other matters which appear are such as to require us to reverse the order of commitment."

We have in this cause much the same situation as caused us to set aside the order of commitment in the Allamaras matter.

Appellant also complains that no citation was issued or served as provided in sections 10-606 and 10-607, R.C.M. 1947, following the filing of the petition, but it must be remembered that section 10-606 provides that "unless the parties hereinafter named shall voluntarily appear, the court shall issue a citation".

Under this provision the issuance of a citation is not jurisdictional if the parties voluntarily appear. Since this question would not arise upon further proceedings in this matter we see no necessity of further discussion thereof. While counsel contends that under our opinion in State v. Allamaras it was required that the citation be issued, we would comment that in that cause a citation was issued but was improperly served, and where a citation is issued the provisions of the law with regard to its service must be followed, but that was not the situation here where no citation was ever issued and it is apparent from the record that the parties did voluntarily appear.

The cause is remanded to the district court with instructions to vacate and annul the order of commitment heretofore entered, and for further appropriate proceedings in conformity with this opinion.

MR. JUSTICES ADAIR, CASTLES, DOYLE and JOHN C. HARRISON concur.