THE STATE OF MONTANA, RESPONDENT, *v.* RONALD LEE JOHNSON, APPELLANT. THE STATE OF MONTANA, RESPONDENT, *v.* GENE STANLEY DAVIS, APPELLANT. THE STATE OF MONTANA, RESPONDENT, *v.* HOMER TOM DAVIS, JR., APPELLANT.

Nos. 10304 - 10306.
Submitted June 14, 1962. Decided September 6, 1962.
374 P.2d 504.

Al Libra and Carl G. Smithwick, Helena (Al Libra, Helena, argued orally), for appellants.

Marshall Candee, County Atty., Libby, Forrest Anderson, Atty. Gen., and Donald Douglas, Asst. Atty. Gen. (Donald Douglas, Helena, argued orally), for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

On September 4, 1962, this court's opinion and decision pronounced and filed on August 30, 1962, was ordered withdrawn and the following opinion and decision is substituted therefor.

This case involves three juveniles committed to the State Industrial School on June 8, 1961, by order of the district court of the eleventh judicial district, sitting as a juvenile court. The three cases arise out of substantially similar facts, raise common questions of law, and are consolidated for the purpose of this appeal.

On the night of March 31, 1961, a State Highway patrolman pursuing his duties, came upon a car containing the appellants, each of whom had an open can of beer in his possession. In addition to the open cans, the boys had almost an entire case of beer in the car. The patrolman issued each youth a citation for having possession of beer and took the remaining cans in evidence. The citation by the patrolman resulted in an informal juvenile hearing held in Libby, Montana, on May 4, 1961.

At the hearing presided over by Judge Frank Haswell, the following persons were present: a reporter, a clerk, the probation officer, members of the juvenile court committee, a witness, the three named juveniles, and at least one parent of each juvenile.

At the commencement of the hearing, the judge carefully informed the juveniles and their families on every constitutional protection available to them. The court further pointed out that failing to tell the truth while under oath was perjury, a serious charge. Following that, each then proceeded to tell a story made out of whole cloth while under oath.

Upon completion of the separate examination of each boy by the court, the Judge said: "What I am going to do in this case is, I am going to continue it for some further investigation that I want made, and you are free to go home now and the probation officer will contact you at some later date to come back up here." Judge Haswell thus definitely contemplated further action on the matter.

On May 18, 1961, the boys signed a statement to the effect that the testimony given at the first hearing on May 4, 1961, was false, and that they had deliberately lied. Each recited therein the true facts.

Following the presentment of the sworn document, the Judge ordered the probation officer to file a petition pursuant to section 10-605, R.C.M.1947, charging each juvenile with each violation of state law which he thought would apply.

The petition against the first juvenile contained two allega-

4

tions of second degree burglary, one allegation of first degree burglary, perjury, and possession of beer.

The petition against the second juvenile charged using an automobile without the owner's permission, possession of beer, and perjury.

The petition against the third juvenile charged grand larceny, possession of beer, and perjury.

Thereafter, in pursuance of section 10-606, R.C.M. 1947, a citation was prepared by the clerk of court to be served upon the parents of each juvenile.

The citation directed the parents to appear at the courthouse at Libby, Montana, on June 8, 1961, *to show cause why the child "should not now be declared a juvenile delinquent person 'and taken from the custody of the parent and committed to the charge of some suitable person to be appointed by the court, or committed to the charge of some institution or society that has for its object the care of delinquent children."* Emphasis supplied. Each citation was duly served in accordance with the provisions of section 10-607, R.C.M.1947.

On June 8, 1961, the hearing was reconvened with the Honorable Eugene B. Foot, the other District Judge of the eleventh judicial district presiding. Present were the parent or parents of each child, the boys themselves, the chief probation officer and his deputy, the county attorney of Lincoln County, the Juvenile Advisory Committee, and the officers of the court.

In separate hearings, each was duly sworn, and testified to the correctness of the allegations in the petition, each admitted the possession of beer, each admitted the perjury. Each then proceeded to tell a story of the possession of the beer which was completely different than the first story and also differed in some matters from that recited in the sworn statement signed by each.

The hearing of each was adjourned temporarily and each met out in the hall. When the hearing was reconvened, it was with all of the juveniles present. Thereupon on requestioning it was

brought out that the story first told at this hearing was not exactly correct and then each proceeded to tell the story which agreed with the details presented in the sworn statement. Each juvenile on his own initiative apologized to the court for having lied on the stand both at the first hearing and at the first part of the second hearing.

The judge then declared that each was a juvenile delinquent under section 10-602, R.C.M.1947, and committed each to the State Industrial School. Appeal was taken from the order of commitment, and the boys were released to their parents on bond.

Appellants make fourteen specifications of error, which cover three main issues and several smaller issues. The main issues have merit, and we will discuss them herein; the other issues are without merit and will not be discussed.

 Appellants' third specification of error is that the citation was in form an order to show cause and did not recite the substance of the petition.

Inasmuch as the youths admitted the violations contained in the petition while on the stand, there is no doubt of their guilt, but this court must acknowledge the fact that the second hearing proceeded upon a citation to the parents which was not in compliance with section 10-606, R.C.M.1947, and the court was therefore without jurisdiction to order the commitment.

Section 10-606, supra, dealing with the citation to the parents, provides that the court shall *"issue a citation reciting briefly the substance of the petition * * *."* Emphasis supplied.

In order to determine what is the substance of the petition, it is necessary to examine section 10-605, R.C.M.1947.

The second paragraph of that section deals with the petition and states: "The petition shall be verified, *alleging briefly the facts which bring said child within the provisions of the act,* and stating (1) the name, age, and residence of the child; (2) the names and residences of his parents; (3) the names and residence of his legal guardian, if there be one; (4) the name

6

and residence of the person having [legal] custody or control of the child; (5) and the name and residence of the nearest known relative, if no parents or guardian can be found. If any of the facts herein required are not known by the petitioner, the petition shall so state.'' Emphasis supplied.

Subdivisions (2) through (5) are merely informational to aid the court in seeing that the court does have jurisdiction to order commitment by having the proper person before the court. Age too is a jurisdictional fact, but it is specifically provided for in subdivision (1). Clearly then the substance of the petition must be the facts which bring the child within the provisions of the act under section 10-602, R.C.M.1947.

Though the petition to the parents did include those facts which bring the child under the act, the citation to the parents did not, nor was a copy of the petition served with the citation to the parents. It must follow that the citation was thus fatally defective.

In the case of In Re Allamaras, 139 Mont. 130, 361 P.2d 340, this court has said: ''We recognize that this is not a criminal proceeding, but nonetheless the statutes must be followed.''

We only discuss the second and third points now to avoid the necessity for discussing them later should a similar result prevail on a rehearing of this matter.

Four specifications of error dealt with the sufficiency of proof required in a trial of the offense of perjury, but the trial was not a trial of the offense of perjury, but of the status of the youths to determine whether or not they had violated state law and were thus juvenile delinquents. However, this court does not wish to permit the *parens patriae* doctrine to prevent a fair hearing. The *parens patriae* doctrine is intended to benefit and protect both juvenile delinquents and the public, but the doctrine cannot serve as justification for illegal detention no matter how labelled. Application of Johnson, 178 F.Supp. 155, U.S.D.C.D.New Jersey.

Section 93-1401-2, R.C.M.1947, requires that perjury be

proved by the testimony of two witnesses or one witness and corroborating evidence. Appellants urge that the admission of the juvenile would not meet this requirement.

The rule is intended to prevent scurrilous prosecution, but the rule has no application where the accused admits on the stand, on the trial for the offense, that he has committed the offense. 70 C.J.S. Perjury § 68, p 536. His admission obviates any need for protection from malicious prosecution.

Appellants also argue that the court failed to take evidence and to make conclusions of law as to the fitness or ability of the parents to control their children. In support of such contention they cite State ex rel. Palagi v. Freeman, 81 Mont. 132, 141, 262 P. 168.

The case cited does indeed stand for the proposition alleged, however that case was decided under a different juvenile act, which specifically required such a finding as a prerequisite to commitment. When the act was revised in 1943, that provision was not included, and thus the rule of that case has no application today.

The judgment of the court is reversed and the cause remanded with instructions to prepare a proper citation to the parents before conducting another hearing thereon.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ADAIR and CASTLES, concur.

MR. JUSTICE DOYLE, did not participate in the hearing or determination of this appeal.