Jerry Lynn RAY, a minor, by and through J. T. Ray, her father, natural guardian and next friend, Joanne Ray, a minor, by and through J. T. Ray, her father, natural guardian and next friend, J. T. Ray, individually; Mona Carrol Ritchie, a minor, by and through Dollie Ritchie Ray, her mother, natural guardian and next friend, Dellon Klint Ritchie, a minor, by and through Dollie Ritchie Ray, his mother, natural guardian and next friend, and Dollie Ritchie Ray, individually, Plaintiffs in Error,

v.

Walter WOODARD, Muriel Woodard, and County Attorney of Creek County, Oklahoma, Defendants in Error.

No. 39977.

Supreme Court of Oklahoma.

Nov. 28, 1962.

Rehearing Denied Dec. 18, 1962.

Young, Young & Young, Sapulpa, for plaintiffs in error.

Thomas A. Wallace, Sapulpa, for defendants in error Walter Woodard and Muriel Woodard.

DAVISON, Justice.

Under review in this cause is the district court's judgment dismissing, for want of jurisdiction, appellants' appeal from a decree of the county court sitting ex officio as the juvenile court.

The present proceeding had its inception on January 23, 1961, when Walter and Muriel Woodard, husband and wife, filed in the county court their petition for an adjudication declaring Jerry Lynn Ray, Joanne Ray, Mona Carrol Ritchie and Dellon Klint Ritchie, all minors under sixteen years of age, to be dependent and neglected children and reposing their custody in the petitioners. The two minors first named, bearing the surname Ray, are the children of J. T. Ray by a former marriage; the Ritchie children are the issue of Dollie Ritchie Ray's prior marriage. J. T. Ray and Dollie Ritchie Ray are husband and wife. The

instant appeal is prosecuted by the Ray children through J. T. Ray, their father and natural guardian, and by the Ritchie children through Dollie Ritchie Ray, their mother and natural guardian; the elder Rays are also parties appellant in their individual capacity.

According to the record two hearings were held in the county court upon the petition of Mr. and Mrs. Woodard. The proceedings culminated on February 24, 1961, in an order declaring all four minors to be "abandoned and neglected" and granting their temporary custody to Mr. and Mrs. Woodard for a period not to exceed six months. Dollie Ritchie Ray, who appeared before the county court and consented by a written "waiver" to a provisional custody disposition, was awarded visitation privileges with her two children.

On July 17, 1961, J. T. and Dollie Ray filed a joint motion alleging an interim change in their conditions and seeking restoration of paternal rights as well as custody of the children. This motion was denied after a hearing. The custody of the children remained in Mr. and Mrs. Woodard but the parents were accorded certain visitation rights. As disclosed by the order the matter was deferred for further reconsideration "on or about 9 July 1962." In the forepart of January, 1962, the county court placed the four minors under detention and directed that a hearing be held "on the entire matter of custody and control, possible adoption, or relinquishment of said children to the parents or to an institution." Proceedings subsequently conducted on these issues culminated on January 18, 1962, in an order or decree directing that the four minors, "having previously been declared neglected children," be confined at Whitaker State Home, "provided, however, that * * * (the Ritchie children) may be paroled to the foster home of Mr. and Mrs. Woodard" if the latter should file a written request for either or both of said children.

From this order or decree of the county court the Rays appealed to the district court

where the appeal was dismissed for want of jurisdiction. At issue before us is the correctness of the district court's judgment. In our reference to the parties the Ray and Ritchie children, as well as their parents, will be designated collectively as appellants and the Woodards will be called appellees.

Appellants assert their right to appeal the decree to the district court under the terms of 10 O.S.1961 § 108, as amended in 1957. The cited enactment provides in its pertinent part:

"Wherever a parent, guardian or other person having custody of a child is before the court on the hearing on a petition that such child is a delinquent or dependent or neglected child, upon adjudication that such child is delinquent or dependent or neglected, if it appears to the court that the conduct of such parent, guardian or other person having custody of the child, has contributed to such delinquency, dependency or neglect, the Court may issue a written order specifying conduct to be followed by such parent, guardian or other person having custody of the child with respect to such child. The conduct specified shall be such as would reasonably prevent delinquency, dependency or neglect as defined by this Act. Such order shall remain in effect for a period of not more than one (1) year to be specified by the Court and said order may be extended or renewed by the Court. Such parent, guardian or other person having custody of the child may appeal from such an order to the District Court in the same manner as appeals are taken from the County Court to the District Court in probate cases, where said matter shall be heard de novo and, in turn, appeal may be taken from said District Court to the Supreme Court * * *."

Appellees point out that "under the Constitution, statutes and case law of the State of Oklahoma" appellants should have taken their appeal directly to this court. Cited in support of this contention

are our decisions in In re Morrison, 176 Okl. 55, 54 P.2d 198, and In re Tindell, Okl., 292 P.2d 1022. Both of these cases were decided prior to the amendment of 10 O.S. 1961 § 108, by the 1957 Legislature. In the former case it was contended that no appeal lay from a decree or order of the county court rendered in a proceeding instituted under the juvenile law. In rejecting this argument the court pointed out that such a proceeding was "civil in its nature," and pursuant to the provisions of Art. VII, Sec. 15, Oklahoma Constitution, an appeal could be perfected from the county court directly to the Supreme Court. Our holding in the Tindell case followed the earlier pronouncement. After the amendment of 10 O.S.1961, Sec. 108 by the 1957 Legislature, as quoted above, neither the Morrison nor Tindell decision may be regarded any longer as the correct exposition of the present law governing appeals in proceedings under the juvenile law, 10 O.S.1961 §§ 101–130.9.

Without advancing a direct argument, appellees strongly intimate that the terms of Art. VII, Sec. 15, Oklahoma Constitution, operate to prohibit the Legislature from affording the remedy of an intermediate review in the district court in this class of cases. The cited section provides:

*"Appeals and proceedings in error shall be taken from the judgments of County Courts direct to the Supreme Court, in all cases appealed from justices of the peace, and in all criminal cases of which the County Court is vested with jurisdiction, and in all civil cases originally brought in the County Court, in the same manner and by like proceedings as appeals are taken to the Supreme Court from the judgments of the District Court."* (Emphasis ours.)

The term "civil cases," insofar as it applies to the mandatory provisions of Art. VII, Sec. 15, must be controlled by, and viewed in conjunction with, the language of Art. VII, Sec. 12. The latter section defines civil cases within the original jurisdiction of the county court as those "in any amount not exceeding one thousand dol-

lars, exclusive of interest" over which the county court "shall have *concurrent* jurisdiction with the District Court." Proceedings in the county court sitting ex officio as a juvenile court are clearly within the *exclusive* original jurisdiction of that court. Its jurisdiction over this class of cases is nowhere conferred or defined in the Constitution but is vested by statute. 10 O.S.1961 § 101 et seq. Inasmuch as proceedings for adjudication of dependency are statutory in character and within the exclusive original jurisdiction of the county court, it follows that the Legislature is free from the restraints of Art. VII, Sec. 15, in regulating the manner and mode of appeals by which they are brought to a higher court. See in this connection Wilson v. State, 73 Okl. 227, 175 P. 829; Gray v. McKnight, 50 Okl. 73, 150 P. 1046.

It is next asserted by appellees that the terms of 10 O.S.1961 § 108, do not apply to the present case but only to those situations where the county court enters an "order specifying conduct to be followed by such parent, guardian or other person having custody of the child." To this view we cannot agree.

Under our construction of the provisions of 10 O.S.1961 § 108, supra, a proceeding presents to the court the primary issue of determining the dependency, delinquency or neglect of the minor child, and should such be determined to be the case, then the court may terminate the rights of the parent, or if the circumstances are as set forth in the statute the court may specify a course of conduct for the parent that will reasonably prevent delinquency, dependency or neglect. It is not to be assumed that the Legislature in enacting the 1957 amendment to the provisions of 10 O.S.1961 § 108, contemplated or intended to give one mode of review to a parent whose rights to the child were completely severed and a broader right to review by intermediate appeal to one whose "conduct" was merely "specified" by the county court. It is manifest that the primary purpose of the 1957 amendment to Sec. 108 was to grant a remedy of appeal

**220**

by trial de novo in the district court to all parents aggrieved by a decree of the county court rendered upon an adjudication of delinquency, dependency or neglect of the child, regardless of whether the decree of the county court terminated their rights to the child or specified a course of conduct. And since the rights of the parents necessarily depend upon the status or legal condition of the child, the litigable issues upon the trial de novo in the district court must perforce remain the same as those presented to the county court.

Our conclusion is fortified and impelled by the rule that statutes granting the right of appeal must be liberally construed to serve the ends of justice. A legislative enactment providing the right of appeal, when of doubtful meaning, will be accorded that construction which is reasonable and sensible, bearing in mind the evils to be avoided or the remedy intended to be offered. Forston v. Heisler, Okl., 341 P.2d 252, 255; In re Concer's Estate, Okl., 271 P.2d 329, 332.

We therefore hold that appellants properly perfected an appeal to the district court and that there was error in the judgment dismissing it.

Appellants further contend that they are entitled to a trial by jury upon the issue of the minors' dependency and neglect. This question is not now properly before us. We do note, however, that if the trial court, upon a preliminary inquiry, does determine the prior order of February 24, 1961, to constitute an adjudication that the children are dependent and neglected as distinguished from a mere interlocutory order affecting temporary disposition of custody, the present proceeding should be treated as one for restoration of parental rights upon a change of conditions. See In re Greenback (Greenback v. Dixon), 207 Okl. 30, 246 P.2d 733. On the other hand, should the trial court entertain the view upon such inquiry that all prior orders entered in this proceeding were merely interlocutory and no adjudication of dependency had been made until the decree of January 18, 1962,

was rendered, appellants would be entitled to a trial by jury under the provisions of 10 O.S.1961 § 102. Montgomery v. Moore, Okl., 292 P.2d 1040, 1042.

The trial court's judgment dismissing the appeal is reversed and cause remanded for disposition not inconsistent with the views expressed herein.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.

JOHNSON, J., dissents.