489 P.2d 1188

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Reggie McGEE, Defendant and Appellant.**

**No. 12412.**

Supreme Court of Utah.

Oct. 6, 1971.

---

2. Lake v. Pinder, 13 Utah 2d 76, 368 P.2d 593 (1962); Horsley v. Robinson, 112 Utah 227, 186 P.2d 592 (1947).

Van Sciver, Florence, Hutchison & Sharp, Salt Lake City, H. Don Sharp, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Chief Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a conviction in a jury trial for subornation of perjury. Affirmed.

■ McGee previously had been tried for grand larceny. He testified that he

had not stolen a pistol, subject of the theft. One Williams, as defense witness, testified that he, Williams, had lied about it. Although his testimony at times was subject to some evasion and equivocation, the record amply justified the jury in believing that he perjured himself and that such perjury was suborned by McGee,—which makes the second point on appeal anent insufficiency of evidence without merit.

■ The only other point: That since McGee and Williams were accomplices in the perjury, corroboration of Williams' testimony was necessary to convict McGee of subornation. We believe and hold this contention also to be without merit.

Both sides cited State v. Gleason[1] in support of their positions. The court in that case reviewed the cases rather extensively, but it clearly sustains our conclusion here by quoting from and citing with approval cases[2] and language in an A.L.R. annotation dealing with almost identical fact situations, the rule adopted in the Gleason and other cases fairly being abstracted in the annotation as follows:

A comprehensive rule may be announced to the effect that, in so far as the rule requiring corroboration of the evidence of an accomplice is concerned as applied to the testimony of the suborned in pros-

1. 86 Utah 26, 40 P.2d 222, at 225.

2. State v. Renswick, 85 Minn. 19, 88 N.W. 22 (1901); State v. Johnson, 141 Mont.

1, 374 P.2d 504, 506 (1962); Com. v. Leitch, 185 Pa.Super. 261, 137 A.2d 909 (1958); 56 A.L.R. 412.

ecutions for subornation of perjury, the suborner and suborned are accomplices in so far as to testimony as to the perjury itself, but as to other elements of the crime, such as procuring or inducing the perjury, they are not accomplices, and testimony as to such matters by the person suborned is not necessary to sustain conviction,

and the reason for the rule being succinctly stated in the Johnson case, footnote 2, as follows:

> The rule is intended to prevent scurrilous prosecution, but the rule has no application where the accused admits on the stand, on the trial for the offense, that he has committed the offense. * * * *His admission obviates any need for protection from malicious prosecution.* (Emphasis ours.)

CALLISTER, C. J., and TUCKETT, J., concur.

CROCKETT, Justice (concurring):

I concur but make this comment:

I fail to see any logic or relevancy to the issue here involved in the final clause of the statement quoted from 56 A.L.R. p. 412, to the effect that the subornee is not an accomplice of the suborner, and that consequently, "testimony as to such matters by the person suborned [subornee] is not

necessary to sustain the conviction." A reading of the text material and the authorities referred to, including the case of State v. Gleason, 86 Utah 26, 40 P.2d 222, reveals that what does have relevancy here is the fact that inasmuch as the subornee is not an accomplice to the subornation, it is not necessary that there be *corroboration* of his testimony as to the subornation aspect of the case.

ELLETT, Justice (concurring in the result):

I concur in the result, and desire to give my reasons for doing so.

The appellant, McGee, in a prior trial was convicted of grand larceny in that he stole a pistol of a value in excess of $50. He called a 16-year-old lad to testify, and while under oath the witness testified that he himself had stolen the pistol and that McGee did not do it.

The instant action charges McGee with subornation of perjury in the first degree. He was convicted and appeals, claiming that he cannot be convicted of subornation of perjury for the reason that one element of the crime, to wit: perjury, was based solely upon the uncorroborated testimony of the 16-year-old boy.

Prior to the 1935 Session Laws of Utah, our statute [1] required two witnesses or one

1. Sec. 105-21-21, R.S.U.1933.

witness plus corroborating circumstances before the crime of perjury could be made out. That provision of the statute was repealed by Chapter 118, L.U.1935, so that now there is no statutory requirement for an extra witness or for corroborating circumstances in order to convict one of perjury.

The crime of subornation of perjury has two elements: (1) Perjury on the part of a witness and (2) an inducement by the defendant causing the witness to testify falsely.[2]

As to the element of perjury, the defendant and the witness are accomplices,[3] and the defendant cannot be convicted on the uncorroborated testimony of the accomplice.[4] However, since it is not possible for a person to suborn himself, a false witness cannot be an accomplice with his suborner. The element of suborning can thus be proved by the uncorroborated testimony of the false witness. State v. Gleason[5] is a case in point. At page 34 of 86 Utah, at page 226 of 40 P.2d this court said:

The doctrine announced by nearly all state and federal courts, where decisions have been rendered, is, in cases of subornation, that the suborned and the suborner are accomplices as to the perjury, and as to that two witnesses are required, or one witness and corroborating circumstances, but as to other elements of the crime such as inducing or procuring the perjury to be committed they are not accomplices, and testimony as to such matters by a person alleged to have been suborned need not be corroborated to sustain a conviction. [Citations omitted.]

This holding is in line with the majority decisions. The statement in 41 Am.Jur., Perjury § 78, is as follows:

* * * The majority of the courts applying the two-witness rule in a prosecution for subornation of perjury recognize that such application is proper only as to proof of the perjury, and that the rule does not apply to show that the perjury was procured or induced by the defendant. * * *

See also the text in 70 C.J.S. Perjury § 88.

The juvenile witness testified in the instant matter and admitted giving false testimony at the grand larceny trial. He also testified that McGee suggested to him that

2. State v. Gleason, 86 Utah 26, 40 P.2d 222 (1935).

3. Id.

4. Sec. 77–31–18, U.C.A.1953.

5. Note 2 above.

he lie in order that McGee not go to prison.

Let us examine the record to see if the testimony regarding the falsity of the prior testimony is corroborated by other evidence in this case.

The manager of the store from which the pistol was stolen testified in substance as follows: His office is by the door to a storeroom where he kept merchandise, including the pistol in question. His attention was directed to the noise and movement of two swinging doors at the entrance to the storeroom. He saw the defendant emerging therefrom and accosted him and saw the pistol hidden on his person. Nobody else had entered the storeroom near that time. The defendant admitted taking the pistol and said he would help recover other guns stolen therefrom if the manager would not call the police. A police officer investigating the theft of other guns talked to McGee and testified that McGee wanted to make a deal about the prior thefts, and after being advised of his constitutional rights admitted to the officer that he had taken the pistol in question.

It thus appears that the testimony of the juvenile witness as to the falsity of the prior testimony was amply corroborated in the trial of the instant matter. I, therefore, concur in affirming the judgment below.